1  Mitchell F. Boomer (State Bar No. 121441)
   Janine R. Hudson (State Bar No. 206671)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendant
   PFIZER, INC.

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  RANDALL J. SLOAN,                    Case No.

12              Plaintiff,               **NOTICE OF REMOVAL OF ACTION
                                         TO FEDERAL COURT**
13      v.                               **[28 U.S.C. § 1441(a)]**

14  PFIZER, INC., a Delaware corporation; and
    DOES 1 through 40, inclusive.
15

16              Defendant.

17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19  DISTRICT OF CALIFORNIA:

20          PLEASE TAKE NOTICE that Defendant PFIZER, INC. ("Defendant" or

21  "Pfizer") hereby removes to this Court the state court action described below:

22          1.      On December 11, 2007, Plaintiff RANDALL J. SLOAN ("Plaintiff")

23  commenced the action entitled Randall J. Sloan v. Pfizer, Inc., a Delaware corporation; and

24  DOES 1 through 40, by filing a complaint ("Complaint") against Defendant in the Superior

25  Court of the State of California, County of San Francisco, Case No. CGC 07-469930.

26          2.      Plaintiff's Complaint alleges the following causes of action: (1) disability

27  discrimination pursuant to California Government Code section 12940 *et seq*; (2) gender and

28  sexual orientation discrimination pursuant to California Government Code section 12940 *et seq*;

                                    1

1  (3) wrongful termination in violation of public policy; (4) retaliation pursuant to California

2  Government Code section 12940 *et seq*; (5) breach of covenant of good faith and fair dealing;

3  (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.

4          3.      Defendant first received a copy of the Complaint on March 7, 2008, when

5  Defendant was served with a copy of the Summons and Complaint. A copy of the Summons

6  and Complaint are attached hereto as **Exhibit A**. A true copy of the case file from the San

7  Francisco Superior Court, which includes an additional copy of the Complaint, as well as

8  Defendant's timely filed Answer to the Complaint, is attached hereto collectively as **Exhibit B**.

9          4.      This Notice of Removal has been timely filed under 28 U.S.C. Section

10  1446(b) because it was filed within 30 days after Defendant's receipt of Plaintiff's Complaint.

11          5.      No further proceedings have occurred in the state action, other than the

12  filing of the Complaint and Answer.

13          6.      This action is a civil action of which this Court has original jurisdiction

14  under 28 U.S.C. Section 1332(a), and is one which may be removed to this Court by Defendant

15  pursuant to the provisions of the 28 U.S.C. Section 1441(a) in that, as shown below, it is a civil

16  action between citizens of different states and the matter in controversy exceeds the sum of

17  $75,000, exclusive of interest and costs.

18          7.      Without conceding that Plaintiff is entitled to damages or could recover

19  damages in any amount, the amount in controversy in this action exceeds $75,000 based on the

20  following:

21          a.      Although the complaint does not state the amount of the matter in

22  controversy, defense counsel specializes in representing employers in labor and

23  employment matters, and in particular, disability and gender discrimination, wrongful

24  termination and retaliation. Plaintiff alleges that he was terminated on or about January

25  8, 2007 and that he has suffered and continues to suffer substantial losses in income,

26  earnings and benefits. (Complaint, ¶¶ 24, 27). Plaintiff's estimated annual salary at the

27  time of termination was over $75,000. Plaintiff also seeks damages for alleged "severe

28  emotional distress . . . mental pain and anguish." (Complaint, ¶ 62.) As the amount in

2

1    controversy includes compensatory damages (lost wages and benefits and future wage

2    loss), emotional distress damages, and attorney's fees, Plaintiff's alleged damages in this

3    action exceed the jurisdictional limit. See *Simmons v. PCR Technology*, 209 F. Supp.2d

4    1029, 1034-135 (N.D. Cal. 2002) [amount in controversy for race discrimination action

5    satisfied by plaintiff seeking unspecified compensatory damages (lost wages, medical

6    expenses and future wage loss), punitive damages, emotional distress damages and

7    attorney's fees)].

8          b.      Plaintiff also seeks punitive damages for claims brought pursuant to the

9    California Fair Employment and Housing Act ("FEHA"), Cal Gov't. Code § 12900 *et*

10   *seq.* (Complaint, ¶¶ 26, 33, 41, 47, 59)   Punitive damages awards are available under

11   FEHA (Cal. Gov't Code § 12940).  Therefore, the Court may consider punitive damages

12   when determining the amount in controversy. *Simmons,* at 1034.

13          Based on defense counsel's experience and expertise, the nature of the allegations

14   in the complaint, the applicable case law and the relief sought by Plaintiff, the amount in

15   controversy exceeds the sum of $75,000, exclusive of interest and costs.

16          8.      This action is between citizens of different states, in that Defendant Pfizer

17   is informed and believes that Plaintiff Randall Sloan was at the time the action commenced, and

18   still is, a citizen of the State of California.

19          9.      Defendant Pfizer was at the time the action commenced, and still is, a

20   Delaware corporation with a principal place of business in New York.   For purposes of

21   determining diversity, a corporation is deemed to be a citizen of both the state of its

22   incorporation and of the state where it maintains its principal place of business. *See* 28 U.S.C.

23   Section 1332(c).

24          10.     Pfizer's world headquarters is located in New York, New York.   The

25   majority of Pfizer's executive officers, including its Chief Executive Officer and Chairman of

26   the Board, maintain offices in New York. Pfizer is a research-based, global pharmaceutical

27   company. The Company discovers, develops, manufactures and markets prescription medicines

28   for humans and animals, as well as many of the world's consumer healthcare products.

1    11.    For purposes of determining whether diversity of citizenship exists, only

2    the named defendants are considered.   The presence of doe defendants has no bearing on

3    diversity with respect to removal. *See* 28 U.S.C. Section 1441(a).

4    12.    For all the foregoing reasons, this Court has original jurisdiction over this

5    matter under 28 U.S.C. Sections 1332 and 1441(a).

6    WHEREFORE, Defendant prays that the above action now pending against it in

7    the Superior Court for the State of California, County of San Francisco, be removed to this

8    Court.

9

10    DATED: April 7, 2008                Respectfully submitted,

11                                        JACKSON LEWIS LLP

12

13                                        By_____

14                                            Mitchell F. Boomer
                                             Janine R. Hudson
15                                           Attorneys for Defendant
                                             PFIZER, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

4

3/7/08  1240p

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PFIZER, INC., a Delaware corporation; AND DOES 1
THROUGH 40, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RANDALL J. SLOAN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-07-469930

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel P. Iannitelli, FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710, San Francisco, CA 94111, (415) 362-9300    M. RAYRAY

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | DEC 1 1 2007  GORDON PARK-LI | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PFIZER INC.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**

1    **Daniel P. Iannitelli - 203388**
     **Bryan L. Saalfeld - 243331**

2    FOTOUHI • EPPS • HILLGER • GILROY LLP
     160 Pine Street, Suite 710

3    San Francisco, CA 94111
     Tel: 415.362.9300

4    Fax: 415.358.5521

5

6    Attorneys for Plaintiffs
     RANDALL J. SLOAN

7

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 1 1 2007

GORDON PARK-LI, Clerk
BY: _____ **MICHAEL RAYRAY**
                Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10    RANDALL J. SLOAN, an individual,

11          Plaintiff,

12    vs.

13    PFIZER, INC., a Delaware corporation; and
     DOES 1 through 40, inclusive,

14          Defendants.

15

Case No. **CGC-07-469 93.0**

**COMPLAINT FOR DAMAGES**

**CASE MANAGEMENT CONFERENCE SET**

**MAY 0 9 2008 -9:00 AM**

**DEPARTMENT 212**

16       COMES NOW Plaintiff and files this Complaint against Defendants on behalf of himself, and

17   in support thereof alleges the following:

18                         **PARTIES**

19   1.     Plaintiff RANDALL SLOAN (hereinafter referred to as "Plaintiff") is an individual and a

20   resident of the State of California.

21   2.     Plaintiff is informed, and thereon alleges, that defendant PFIZER, INC., is a Delaware

22   corporation, and is authorized to transact business in the State of California.

23   3.    Plaintiff does not know the true names and capacities of defendants designated as

24   Does 1 through 40 inclusive, whether individual, corporate, associate or otherwise, and therefore

25   sues said defendants by such fictitious names pursuant to the California Code of Civil Procedure.

26   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

27   is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as

28   herein alleged were proximately caused by their wrongful conduct. Plaintiff will amend its Complaint

1    when the true names and capacities of said defendants are revealed or become known.

2    4.    Plaintiff is informed and believes and thereon allege that at all times mentioned in

3    this Complaint, each of the defendants, whether specifically named or designated as a Doe, was the

4    agent, servant, employee or officer of the other, and all acts alleged to have been committed by one

5    of them was committed by and on behalf of every other and in doing the acts herein alleged, was

6    acting within the course and scope of said agency, employment and service with the advance

7    knowledge, consent and ratification of the remaining defendants.

8    5.    Venue is appropriate because defendant PFIZER, INC., is authorized to transact business in

9    the State of California and transacts business in the City and County of San Francisco. Plaintiff is a

10   resident of State of California, City and County of San Francisco.

11                                    **STATEMENT OF FACTS**

12   6.    From on or about October 1, 2001, to on or about January 8, 2007, Plaintiff was employed

13   by Defendant PFIZER, INC, as an Associate, in the Clinical Developmental Group.

14   7.    At times herein mentioned, Plaintiff was a individual protected, on the basis of his sexual

15   orientation, gender, mental disability and physical disability, under Cal. Govt. Code §12940(a).

16   8.    Since the inception of his employment with Defendants, Plaintiff was openly Gay and this fact

17   was understood by Plaintiff's employer, supervisors and co-workers. Throughout his employment,

18   Plaintiff worked tirelessly to perform beyond expectations and to develop professionally within the

19   company. In addition to his achievements at his position, Plaintiff actively sought mentoring and

20   training opportunities as outlined in defendant PFIZER, INC.'s policies. Plaintiff also sought

21   promotions for which he was qualified.

22   9.    Despite Plaintiff's excellence in the performance of his duties and efforts to grow

23   professionally, Defendants, on the basis of his sexual orientation and gender, refused to approve

24   Plaintiff's efforts to seek mentoring through its Open Door Policy and to seek guidance in his

25   development. Plaintiff was also denied promotions on the basis of his sexual orientation and gender.

26   Within Plaintiff's team, he was the only male and only non-heterosexual. Plaintiff's heterosexual

27   female co-workers received mentoring, training opportunities, higher performance reviews, higher

28   compensation and better treatment as employees.  Plaintiff complained about the unfair and

1    discriminatory conduct to his immediate supervisor. Defendants' conduct in refusing to assist Plaintiff
2    in his professional development, per PFIZER, INC.'s policies, and refusal to promote Plaintiff, was on
3    the basis of his sexual orientation and gender, and for opposing Defendants' discriminatory actions.
4    10. In or around November 2004, Plaintiff began making formal complaints to the Human
5    Resources department about the discrimination and retaliation he was enduring. Plaintiff also
6    continued to address his concerns to, and demand from, his immediate supervisor that he be treated
7    fairly under the law, as well as PFIZER, INC.'s anti-discrimination and retaliation polices. Plaintiff's
8    complaints to Human Resources were not investigated and no action was taken to prevent further
9    discrimination.

10    11. In or around May 2005, Plaintiff was diagnosed with human immunodeficiency virus (HIV).
11    Shortly thereafter, Plaintiff was also diagnosed with mental disabilities.

12    12. In or around July 2005, pursuant to Plaintiff's physicians recommendations and orders,
13    Plaintiff requested from Defendants that he be provided an accommodation of being able to work
14    from home (telecommute), or that some other reasonable accommodation be made. Defendants
15    denied Plaintiff's request despite the fact that one of his co-workers, a heterosexual female, was
16    permitted to telecommute from another state for six (6) months simply to facilitate the preparations of
17    her wedding.

18    13. Plaintiff made repeated requests for a reasonable accommodation which were denied by
19    Defendants. Instead, PFIZER, INC. insisted that Plaintiff apply for Short Term Disability (STD) under its
20    STD Plan, which Plaintiff reluctantly agreed to do. Acting unreasonable in administering his
21    application, PFIZER, INC.'s conduct resulted in needless delay in obtaining benefits which were
22    provided only after Plaintiff's extensive efforts.

23    14. Without adequate warning and a reasonable basis, Defendants cancelled Plaintiff's STD
24    benefits and ordered him to return to work on December 12, 2006. Defendants did so in violation of
25    its own policies and applicable law. This unexpected demand occurred a few days after Plaintiff
26    inquired about PFIZER, INC.'s polices regarding gender reassignment and further communications
27    with human resources regarding prior complaints of, and ongoing, discrimination and retaliation.
28    //

1    15.    On December 12, 2006, Plaintiff returned to work from his interrupted disability leave,

2    performing his duties by telecommuting.

3    16.    On or about February 1, 2006, due to his physical disabilities, Plaintiff was

4    again placed on STD and was on medical leave until August 1, 2006. As a result of continued

5    disabilities, plaintiff requested further extension of his STD as permitted by PFIZER, INC.'s policies, as

6    well as placement in other positions within the company for which Plaintiff was qualified. PFIZER

7    refused such accommodations and terminated Plaintiff.

8                    **FIRST CAUSE OF ACTION**

9              **(Physical and Mental Disability Discrimination)**

10    17.    Plaintiff realleges paragraphs 1 through 16, inclusive, of this Complaint and incorporates

11    them herein by reference.

12    18.    Plaintiff suffers from physical and mental disabilities, as diagnosed by medical physicians

13    and acknowledged by Defendants, and is therefore a member of the class of persons protected from

14    mental and physical disability discrimination under California Government Code section 12940 et

15    seq.

16    19.    Defendants regularly employ five or more persons and therefore are employers subject to

17    regulation by California Government Code §12940.

18    20.    Defendants refused to make reasonable accommodations for Plaintiff's known mental and

19    physical disabilities by terminating Plaintiff because, in part, he was placed on medical-mental

20    disability leave by his physician. Despite Plaintiff's repeated requests, Defendants failed to engage in

21    an interactive process to find a reasonable accommodation.

22    21.    Defendants unlawfully subjected Plaintiff to adverse employment actions by, among other

23    things, harassing Plaintiff, retaliating against Plaintiff, treating Plaintiff differently than other similarly

24    situated employees, because of his disability.

25    22.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff's employment was

26    terminated by Defendants because of his physical and mental disability, in violation of California

27    Government Code §12940 et seq.

28    23.    Within one-year from the date of the most recent act of discrimination, Plaintiff filed a

1    charge of physical and mental disability discrimination, and other violations including gender and

2    sexual orientation discrimination, with the California Department of Fair Employment and Housing.

3    On or about December 12, 2006, Plaintiff received a right to sue notice from the California

4    Department of Fair Employment and Housing and subsequently amended. *A true and correct copy*

5    *of the DFEH Right to Sue letter is attached hereto as Exhibit A.*

6    24.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

7    continues to suffer substantial losses in income, earnings and benefits and has been damaged in his

8    capacity to earn his salary, and has lost and will continue to lose employment benefits.

9    27.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

10    continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

11    the jurisdiction of this Court and to be shown according to proof.

12    26.     The conduct of Defendants in discriminating against Plaintiff and terminating him because

13    of his disabilities subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

14    rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants,

15    and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the

16    aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive

17    damages in a sum to be shown according to proof.

18    **SECOND CAUSE OF ACTION**

19    **(Gender and Sexual Orientation Discrimination)**

20    27.     Plaintiff realleges paragraphs 1 through 26, inclusive, of this Complaint and incorporates

21    them herein by reference.

22    28.     Plaintiff is a Gay male and is therefore a member of the classes of persons protected from

23    gender, sexual orientation and gender assignment discrimination under California Government

24    Code section 12940 et seq.

25    29.     Defendants discriminated against Plaintiff, on the basis of his sexual orientation and gender,

26    by failing to provide the same employment benefits offered to other similarly situated, straight

27    females, including not receiving mentoring, training opportunities, higher performance reviews,

28    higher compensation, exclusion from proximity to management, promotions and fair treatment.

30.    Defendants discriminated against Plaintiff, on the basis of his sexual orientation and gender, by not offering him the same opportunities as other co-workers and by refusing to reassign plaintiff to another position within the company and by terminating him.

31.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

32.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

33.    The conduct of Defendants in discriminating against Plaintiff and terminating him because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## THIRD CAUSE OF ACTION

## (Wrongful Termination In Violation of Public Policy)

34.    Plaintiff realleges paragraphs 1 through 33, inclusive, of this Complaint and incorporates them herein by reference.

35.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff's employment was terminated by Defendants because of, among other things, his physical and mental disabilities, in violation of California Government Code §12940 et seq.

36.    Plaintiff is informed and believes, and thereon alleges, Plaintiff's employment was also terminated by Defendants because of his sexual orientation, gender and exploration of gender reassignment in violation of California Government Code §12940 et seq.

37.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

6
COMPLAINT

1    38.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

2    continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

3    the jurisdiction of this Court and to be shown according to proof.

4    39.    As a direct and proximate result of the misconduct and unlawfulness of Defendants, and

5    each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm

6    including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's

7    damage to be shown according to proof.

8    41.    The conduct of Defendants in discriminating against Plaintiff, terminating him because

9    of his disability, and to deny him benefits, subjected Plaintiff to cruel and unjust hardship in

10   conscious disregard of Plaintiff's rights.  Plaintiff is informed and believes, and thereon alleges, that

11   his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff.

12   As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled

13   to an award of punitive damages in a sum to be shown according to proof.

14

15                              **FOURTH CAUSE OF ACTION**

16                                      **(Retaliation)**

17   42.    Plaintiff realleges paragraphs 1 through 41, inclusive, of this Complaint and incorporates

18   them herein by reference.

19   43.    Plaintiff is informed and believes, and thereon alleges, that the adverse employment

20   actions taken against him by Defendants as set forth herein occurred in retaliation for being on

21   disability leave, asserting his rights as Gay individual and a disabled individual, as well as Plaintiff's

22   complaints of unlawful discriminatory treatment, harassment and adverse treatment in his

23   employment with Defendants.  Such actions are unlawful, discriminatory and retaliatory in violation

24   of Government Code section 12940 et seq. and have resulted in damages to Plaintiff.

25   44.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

26   continues to suffer substantial losses in income, earnings and benefits and has been damaged in his

27   capacity to earn his salary, and has lost and will continue to lose employment benefits.

28   45.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

                                              7
                                         COMPLAINT

1  continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

2  the jurisdiction of this Court and to be shown according to proof.

3  46.    As a direct and proximate result of the misconduct and unlawfulness of Defendants, and

4  each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm

5  including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's

6  damage to be shown according to proof.

7  47.    The conduct of Defendants in discriminating against Plaintiff and retaliating against him

8  because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of

9  Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by

10  Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a

11  consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to

12  an award of punitive damages in a sum to be shown according to proof.

13                            **FIFTH CAUSE OF ACTION**

14              **(Breach of the Covenant of Good Faith and Fair Dealing)**

15  48.    Plaintiff realleges paragraphs 1 through 47, inclusive, of this Complaint and incorporates

16  them herein by reference.

17  49.    The employment agreement referred to above contained an implied covenant of good faith

18  and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement

19  fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from

20  performing any and all of the conditions of the contract that he agreed to perform, or any act that

21  would deprive Plaintiff of the benefits of the contract.

22  50.    Plaintiff performed all the duties and conditions of the employment agreement.

23  51.    Defendants knew that Plaintiff had fulfilled his duties and conditions under the agreement.

24  52.    Defendants breached the implied covenant of good faith and fair dealing under the

25  employment agreement by causing Plaintiff's termination intentionally, in bad faith and for reasons

26  extraneous to the agreement. Plaintiff is informed and believes, and thereon alleges, that

27  Defendants terminated Plaintiff without good, just or legitimate cause. Plaintiff is informed and

28  believes and thereon alleges that Defendants terminated him because, among other things, of his

1   gender, sexual orientation, disabilities and complaints regarding adverse employment actions.

2   53.    As a proximate result of Defendants' breach of the implied covenant of good faith and fair

3   dealing, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment

4   benefits, and consequential economic damages to his damage in an amount to be shown according

5   to proof.

6                        **SIXTH CAUSE OF ACTION**

7                   **(Intentional Infliction of Emotional Distress)**

8   54.    Plaintiff realleges paragraphs 1 through 53, inclusive, of this Complaint and incorporates

9   them herein by reference.

10  55.    Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and

11  each of them, discriminated against Plaintiff, harassed Plaintiff, retaliated against Plaintiff, and

12  engaged in other misconduct against Plaintiff because of his gender, sexual orientation, disability,

13  and causing Plaintiff's employment to be terminated in contravention of public policy, as aforesaid,

14  was intentional, extreme, outrageous and done with the intent to cause emotional distress or with

15  reckless disregard of the probability of causing Plaintiff such emotional distress.

16  56.    As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected

17  to severe emotional distress and will continue to suffer severe and permanent humiliation, mental

18  pain and anguish, and will continue to live in a constant state of emotional tension and distress.

19  57.    As a direct and proximate result of Defendants, and each of their actions, Plaintiff has

20  suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he

21  jurisdiction of this Court and not be shown according to proof.

22  58.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

23  continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his

24  capacity to earn his salary, and has lost and will continue to lose employment benefits.

25  59.    The conduct of Defendants in discriminating against Plaintiff because of his disability

26  subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is

27  informed and believes, and thereon alleges, that the termination of employment, retaliatory conduct,

28  efforts to discontinue medical benefits and other conduct by Defendants, and each of them, was

1    done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive,

2    malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to

3    be shown according to proof.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

6    60.    Plaintiff realleges paragraphs 1 through 59, inclusive, of this Complaint and incorporates

7    them herein by reference.

8    61.    Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and

9    each of them, were done with reckless disregard of the probability of causing Plaintiff emotional

10   distress.

11   62.    As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected

12   to severe emotional distress and will continue to suffer severe and permanent humiliation, mental

13   pain and anguish, and will continue to live in a constant state of emotional tension and distress.

14   63.    As a direct and proximate result of the Defendants', and each of their actions, Plaintiff has

15   suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he

16   jurisdiction of this Court and not be shown according to proof.

17   64.    As a direct and proximate result of the Defendants' conduct, plaintiff has suffered and

18   continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his

19   capacity to earn his salary, and has lost and will continue to lose employment benefits.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1        WHEREFORE, Plaintiff Randall J. Sloan prays for judgment against the Defendants, and each

2    of them, as follows:

3        1.    General damages in a sum according to proof;

4        2.    Special damages including loss of income and benefits;

5        3.    Punitive damages;

6        4.    For interest provided by law, including but not limited to, Civil Code §3291;

7        5.    For attorneys' fees in an amount to be shown according to proof;

8        6.    Costs of suit and for each other and further relief as the Court deems just and

9            proper.

10

11

12    Dated: December 11, 2007          FOTOUHI • EPPS • HILLGER • GILROY LLP

13

14                        By:

15                            Daniel P. Iannitelli

16                            Attorney for Plaintiff
                             Randall J. Sloan

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



December 12, 2006

RANDALL J. SLOAN
563 Webster St. Apt F
San Francisco, CA 94117

RE:    E200607A0488-00-prsc
       SLOAN/PFIZER INC.

Dear RANDALL J. SLOAN:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 8, 2006 because an immediate right-to-sue notice was requested.
DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc:    Case File

Sherry Amos
Human Resources Generalist
CT CORPORATION
818 W. 7th Street
Los Angeles, CA 90017

DFEH-200-43 (06/06)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PFIZER, INC., a Delaware corporation; and Does 1
Through 40, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RANDALL J. SLOAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: **CGC-07-469930**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel P. Iannitelli, FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710, San Francisco, CA 94111, (415) 362-9300

DATE: **DEC 11 2007**   **GORDON PARK-LI**   Clerk, by _____, Deputy
*(Fecha)*   *(Secretario)*   M. RAY   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Daniel P. Iannitelli, 203388<br>FOTOUHI • EPPS • HILLGER • GILROY LLP<br>160 Pine Street, Suite 710, San Francisco, CA 94111<br>TELEPHONE NO.: 415.362.9300    FAX NO.: 415.358.5521<br>ATTORNEY FOR *(Name):* Randall J. Sloan<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civic Center Courthouse | FOR COURT USE ONLY<br><br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>DEC 11 2007<br><br>GORDON PARK-LI, Clerk<br>BY: *[signature]*<br>Deputy Clerk |

| CASE NAME: RANDALL J. SLOAN v. PFIZER, INC. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-07-469930 |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 7
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 11, 2007
Daniel P. Iannitelli
_____
(TYPE OR PRINT NAME)    ▶ *[signature]*    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
  Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.turisearch.com |

EXHIBIT B

1 | **Daniel P. Iannitelli - 203388**
**Bryan L. Saalfeld - 243331**
2 | FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
3 | San Francisco, CA 94111
Tel: 415.362.9300
4 | Fax: 415.358.5521

5

6 | Attorneys for Plaintiffs
RANDALL J. SLOAN

7

SUMMONS ISSUED

# FILED

San Francisco County Superior Court

DEC 11 2007

GORDON PARK-LI, Clerk

BY: _____
        Deputy Clerk

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10 | RANDALL J. SLOAN, an individual,

11 |                    Plaintiff,

12 | vs.

13 | PFIZER, INC., a Delaware corporation; and
DOES 1 through 40, inclusive,

14 |                    Defendants.

15 |

Case No. **CGC-07-469930**

**COMPLAINT FOR DAMAGES**

CASE MANAGEMENT CONFERENCE SET

MAY 09 2008 -9:00 AM

DEPARTMENT 212

16 |  COMES NOW Plaintiff and files this Complaint against Defendants on behalf of himself, and

17 | in support thereof alleges the following:

18 |                              **PARTIES**

19 | 1.   Plaintiff RANDALL SLOAN (hereinafter referred to as "Plaintiff") is an individual and a

20 | resident of the State of California.

21 | 2.   Plaintiff is informed, and thereon alleges, that defendant PFIZER, INC., is a Delaware

22 | corporation, and is authorized to transact business in the State of California.

23 | 3.   Plaintiff does not know the true names and capacities of defendants designated as

24 | Does 1 through 40 inclusive, whether individual, corporate, associate or otherwise, and therefore

25 | sues said defendants by such fictitious names pursuant to the California Code of Civil Procedure.

26 | Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

27 | is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as

28 | herein alleged were proximately caused by their wrongful conduct.  Plaintiff will amend its Complaint



1   when the true names and capacities of said defendants are revealed or become known.

2   4.      Plaintiff is informed and believes and thereon allege that at all times mentioned in

3   this Complaint, each of the defendants, whether specifically named or designated as a Doe, was the

4   agent, servant, employee or officer of the other, and all acts alleged to have been committed by one

5   of them was committed by and on behalf of every other and in doing the acts herein alleged, was

6   acting within the course and scope of said agency, employment and service with the advance

7   knowledge, consent and ratification of the remaining defendants.

8   5.      Venue is appropriate because defendant PFIZER, INC., is authorized to transact business in

9   the State of California and transacts business in the City and County of San Francisco.  Plaintiff is a

10  resident of State of California, City and County of San Francisco.

11                          **STATEMENT OF FACTS**

12  6.      From on or about October 1, 2001, to on or about January 8, 2007, Plaintiff was employed

13  by Defendant PFIZER, INC, as an Associate, in the Clinical Developmental Group.

14  7.      At times herein mentioned, Plaintiff was a individual protected, on the basis of his sexual

15  orientation, gender, mental disability and physical disability, under Cal. Govt. Code §12940(a).

16  8.      Since the inception of his employment with Defendants, Plaintiff was openly Gay and this fact

17  was understood by Plaintiff's employer, supervisors and co-workers.  Throughout his employment,

18  Plaintiff worked tirelessly to perform beyond expectations and to develop professionally within the

19  company.  In addition to his achievements at his position, Plaintiff actively sought mentoring and

20  training opportunities as outlined in defendant PFIZER, INC.'s policies.  Plaintiff also sought

21  promotions for which he was qualified.

22  9.      Despite Plaintiff's excellence in the performance of his duties and efforts to grow

23  professionally, Defendants, on the basis of his sexual orientation and gender, refused to approve

24  Plaintiff's efforts to seek mentoring through its Open Door Policy and to seek guidance in his

25  development.  Plaintiff was also denied promotions on the basis of his sexual orientation and gender.

26  Within Plaintiff's team, he was the only male and only non-heterosexual.  Plaintiff's heterosexual

27  female co-workers received mentoring, training opportunities, higher performance reviews, higher

28  compensation and better treatment as employees.   Plaintiff complained about the unfair and

1    discriminatory conduct to his Immediate supervisor. Defendants' conduct in refusing to assist Plaintiff

2    in his professional development, per PFIZER, INC.'s policies, and refusal to promote Plaintiff, was on

3    the basis of his sexual orientation and gender, and for opposing Defendants' discriminatory actions.

4    10.    In or around November 2004, Plaintiff began making formal complaints to the Human

5    Resources department about the discrimination and retaliation he was enduring. Plaintiff also

6    continued to address his concerns to, and demand from, his immediate supervisor that he be treated

7    fairly under the law, as well as PFIZER, INC.'s anti-discrimination and retaliation polices. Plaintiff's

8    complaints to Human Resources were not investigated and no action was taken to prevent further

9    discrimination.

10    11.    In or around May 2005, Plaintiff was diagnosed with human immunodeficiency virus (HIV).

11    Shortly thereafter, Plaintiff was also diagnosed with mental disabilities.

12    12.    In or around July 2005, pursuant to Plaintiff's physicians recommendations and orders,

13    Plaintiff requested from Defendants that he be provided an accommodation of being able to work

14    from home (telecommute), or that some other reasonable accommodation be made. Defendants

15    denied Plaintiff's request despite the fact that one of his co-workers, a heterosexual female, was

16    permitted to telecommute from another state for six (6) months simply to facilitate the preparations of

17    her wedding.

18    13.    Plaintiff made repeated requests for a reasonable accommodation which were denied by

19    Defendants. Instead, PFIZER, INC. insisted that Plaintiff apply for Short Term Disability (STD) under its

20    STD Plan, which Plaintiff reluctantly agreed to do. Acting unreasonable in administering his

21    application, PFIZER, INC.'s conduct resulted in needless delay in obtaining benefits which were

22    provided only after Plaintiff's extensive efforts.

23    14.    Without adequate warning and a reasonable basis, Defendants cancelled Plaintiff's STD

24    benefits and ordered him to return to work on December 12, 2006. Defendants did so in violation of

25    its own policies and applicable law. This unexpected demand occurred a few days after Plaintiff

26    inquired about PFIZER, INC.'s polices regarding gender reassignment and further communications

27    with human resources regarding prior complaints of, and ongoing, discrimination and retaliation.

28    //

15.     On December 12, 2006, Plaintiff returned to work from his interrupted disability leave, performing his duties by telecommuting.

16.     On or about February 1, 2006, due to his physical disabilities, Plaintiff was again placed on STD and was on medical leave until August 1, 2006. As a result of continued disabilities, plaintiff requested further extension of his STD as permitted by PFIZER, INC.'s policies, as well as placement in other positions within the company for which Plaintiff was qualified. PFIZER refused such accommodations and terminated Plaintiff.

## FIRST CAUSE OF ACTION

### (Physical and Mental Disability Discrimination)

17.     Plaintiff realleges paragraphs 1 through 16, inclusive, of this Complaint and incorporates them herein by reference.

18.     Plaintiff suffers from physical and mental disabilities, as diagnosed by medical physicians and acknowledged by Defendants, and is therefore a member of the class of persons protected from mental and physical disability discrimination under California Government Code section 12940 et seq.

19.     Defendants regularly employ five or more persons and therefore are employers subject to regulation by California Government Code §12940.

20.     Defendants refused to make reasonable accommodations for Plaintiff's known mental and physical disabilities by terminating Plaintiff because, in part, he was placed on medical-mental disability leave by his physician. Despite Plaintiff's repeated requests, Defendants failed to engage in an interactive process to find a reasonable accommodation.

21.     Defendants unlawfully subjected Plaintiff to adverse employment actions by, among other things, harassing Plaintiff, retaliating against Plaintiff, treating Plaintiff differently than other similarly situated employees, because of his disability.

22.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff's employment was terminated by Defendants because of his physical and mental disability, in violation of California Government Code §12940 et seq.

23.     Within one-year from the date of the most recent act of discrimination, Plaintiff filed a



1  charge of physical and mental disability discrimination, and other violations including gender and

2  sexual orientation discrimination, with the California Department of Fair Employment and Housing.

3  On or about December 12, 2006, Plaintiff received a right to sue notice from the California

4  Department of Fair Employment and Housing and subsequently amended. *A true and correct copy*

5  *of the DFEH Right to Sue letter is attached hereto as Exhibit A.*

6  24.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

7  continues to suffer substantial losses in income, earnings and benefits and has been damaged in his

8  capacity to earn his salary, and has lost and will continue to lose employment benefits.

9  27.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

10  continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

11  the jurisdiction of this Court and to be shown according to proof.

12  26.     The conduct of Defendants in discriminating against Plaintiff and terminating him because

13  of his disabilities subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

14  rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants,

15  and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the

16  aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive

17  damages in a sum to be shown according to proof.

18  **SECOND CAUSE OF ACTION**

19  **(Gender and Sexual Orientation Discrimination)**

20  27.     Plaintiff realleges paragraphs 1 through 26, inclusive, of this Complaint and incorporates

21  them herein by reference.

22  28.     Plaintiff is a Gay male and is therefore a member of the classes of persons protected from

23  gender, sexual orientation and gender assignment discrimination under California Government

24  Code section 12940 et seq.

25  29.     Defendants discriminated against Plaintiff, on the basis of his sexual orientation and gender,

26  by failing to provide the same employment benefits offered to other similarly situated, straight

27  females, including not receiving mentoring, training opportunities, higher performance reviews,

28  higher compensation, exclusion from proximity to management, promotions and fair treatment.

5<br>COMPLAINT



30.    Defendants discriminated against Plaintiff, on the basis of his sexual orientation and gender, by not offering him the same opportunities as other co-workers and by refusing to reassign plaintiff to another position within the company and by terminating him.

31.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

32.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

33.    The conduct of Defendants in discriminating against Plaintiff and terminating him because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

### THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

34.    Plaintiff realleges paragraphs 1 through 33, inclusive, of this Complaint and incorporates them herein by reference.

35.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff's employment was terminated by Defendants because of, among other things, his physical and mental disabilities, in violation of California Government Code §12940 et seq.

36.    Plaintiff is informed and believes, and thereon alleges, Plaintiff's employment was also terminated by Defendants because of his sexual orientation, gender and exploration of gender reassignment in violation of California Government Code §12940 et seq.

37.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

1   38.   As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

2   continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

3   the jurisdiction of this Court and to be shown according to proof.

4   39.   As a direct and proximate result of the misconduct and unlawfulness of Defendants, and

5   each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm

6   including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's

7   damage to be shown according to proof.

8   41.   The conduct of Defendants in discriminating against Plaintiff, terminating him because

9   of his disability, and to deny him benefits, subjected Plaintiff to cruel and unjust hardship in

10   conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that

11   his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff.

12   As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled

13   to an award of punitive damages in a sum to be shown according to proof.

14

15   **FOURTH CAUSE OF ACTION**

16   **(Retaliation)**

17   42.   Plaintiff realleges paragraphs 1 through 41, inclusive, of this Complaint and incorporates

18   them herein by reference.

19   43.   Plaintiff is informed and believes, and thereon alleges, that the adverse employment

20   actions taken against him by Defendants as set forth herein occurred in retaliation for being on

21   disability leave, asserting his rights as Gay individual and a disabled individual, as well as Plaintiff's

22   complaints of unlawful discriminatory treatment, harassment and adverse treatment in his

23   employment with Defendants. Such actions are unlawful, discriminatory and retaliatory in violation

24   of Government Code section 12940 et seq. and have resulted in damages to Plaintiff.

25   44.   As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

26   continues to suffer substantial losses in income, earnings and benefits and has been damaged in his

27   capacity to earn his salary, and has lost and will continue to lose employment benefits.

28   45.   As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and



1  continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

2  the jurisdiction of this Court and to be shown according to proof.

3  46.    As a direct and proximate result of the misconduct and unlawfulness of Defendants, and

4  each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm

5  including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's

6  damage to be shown according to proof.

7  47.    The conduct of Defendants in discriminating against Plaintiff and retaliating against him

8  because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of

9  Plaintiff's rights.  Plaintiff is informed and believes, and thereon alleges, that his termination by

10  Defendants, and each of them, was done with an intent to cause injury to Plaintiff.  As a

11  consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to

12  an award of punitive damages in a sum to be shown according to proof.

13  **FIFTH CAUSE OF ACTION**

14  **(Breach of the Covenant of Good Faith and Fair Dealing)**

15  48.    Plaintiff realleges paragraphs 1 through 47, inclusive, of this Complaint and incorporates

16  them herein by reference.

17  49.    The employment agreement referred to above contained an implied covenant of good faith

18  and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement

19  fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from

20  performing any and all of the conditions of the contract that he agreed to perform, or any act that

21  would deprive Plaintiff of the benefits of the contract.

22  50.    Plaintiff performed all the duties and conditions of the employment agreement.

23  51.    Defendants knew that Plaintiff had fulfilled his duties and conditions under the agreement.

24  52.    Defendants breached the implied covenant of good faith and fair dealing under the

25  employment agreement by causing Plaintiff's termination intentionally, in bad faith and for reasons

26  extraneous to the agreement.  Plaintiff is informed and believes, and thereon alleges, that

27  Defendants terminated Plaintiff without good, just or legitimate cause.  Plaintiff is informed and

28  believes and thereon alleges that Defendants terminated him because, among other things, of his



1   gender, sexual orientation, disabilities and complaints regarding adverse employment actions.

2   53.    As a proximate result of Defendants' breach of the implied covenant of good faith and fair

3   dealing, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment

4   benefits, and consequential economic damages to his damage in an amount to be shown according

5   to proof.

6                                   **SIXTH CAUSE OF ACTION**

7                          **(Intentional Infliction of Emotional Distress)**

8   54.    Plaintiff realleges paragraphs 1 through 53, inclusive, of this Complaint and incorporates

9   them herein by reference.

10   55.    Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and

11   each of them, discriminated against Plaintiff, harassed Plaintiff, retaliated against Plaintiff, and

12   engaged in other misconduct against Plaintiff because of his gender, sexual orientation, disability,

13   and causing Plaintiff's employment to be terminated in contravention of public policy, as aforesaid,

14   was intentional, extreme, outrageous and done with the intent to cause emotional distress or with

15   reckless disregard of the probability of causing Plaintiff such emotional distress.

16   56.    As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected

17   to severe emotional distress and will continue to suffer severe and permanent humiliation, mental

18   pain and anguish, and will continue to live in a constant state of emotional tension and distress.

19   57.    As a direct and proximate result of Defendants, and each of their actions, Plaintiff has

20   suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he

21   jurisdiction of this Court and not be shown according to proof.

22   58.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

23   continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his

24   capacity to earn his salary, and has lost and will continue to lose employment benefits.

25   59.    The conduct of Defendants in discriminating against Plaintiff because of his disability

26   subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is

27   informed and believes, and thereon alleges, that the termination of employment, retaliatory conduct,

28   efforts to discontinue medical benefits and other conduct by Defendants, and each of them, was



1    done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive,

2    malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to

3    be shown according to proof.

4    ### SEVENTH CAUSE OF ACTION

5    #### (Negligent Infliction of Emotional Distress)

6    60.    Plaintiff realleges paragraphs 1 through 59, inclusive, of this Complaint and incorporates

7    them herein by reference.

8    61.    Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and

9    each of them, were done with reckless disregard of the probability of causing Plaintiff emotional

10   distress.

11   62.    As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected

12   to severe emotional distress and will continue to suffer severe and permanent humiliation, mental

13   pain and anguish, and will continue to live in a constant state of emotional tension and distress.

14   63.    As a direct and proximate result of the Defendants', and each of their actions, Plaintiff has

15   suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he

16   jurisdiction of this Court and not be shown according to proof.

17   64.    As a direct and proximate result of the Defendants' conduct, plaintiff has suffered and

18   continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his

19   capacity to earn his salary, and has lost and will continue to lose employment benefits.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1    WHEREFORE, Plaintiff Randall J. Sloan prays for judgment against the Defendants, and each

2  of them, as follows:

3        1.      General damages in a sum according to proof;

4        2.      Special damages including loss of income and benefits;

5        3.      Punitive damages;

6        4.      For interest provided by law, including but not limited to, Civil Code §3291;

7        5.      For attorneys' fees in an amount to be shown according to proof;

8        6.      Costs of suit and for each other and further relief as the Court deems just and

9                proper.

10

11

12  Dated:  December 11, 2007                    FOTOUHI • EPPS • HILLGER • GILROY LLP

13

14                                              By: _____

15                                                  Daniel P. Ianniteli
                                                    Attorney for Plaintiff
16                                                  Randall J. Sloan

17

18

19

20

21

22

23

24

25

26

27

28
                                        ─────
                                          11
                                       COMPLAINT



# EXHIBIT A

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES      CY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



December 12, 2006


RANDALL J. SLOAN
563 Webster St. Apt F
San Francisco, CA 94117

RE:    E200607A0488-00-prsc
       SLOAN/PFIZER INC.

Dear RANDALL J. SLOAN:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 8, 2006 because an immediate right-to-sue notice was requested.
DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc:    Case File

Sherry Amos
Human Resources Generalist
CT CORPORATION
818 W. 7th Street
Los Angeles, CA 90017

CASE NUMBER: CGC-07-469930  RANDALL J SLOAN VS. PFIZER, INC., A DELAWARE CORP(

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** **MAY-09-2008**
>
> **TIME:** **9:00AM**
>
> **PLACE:** **Department 212**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

RANDALL J SLOAN

**Pretrial Department 212**

PLAINTIFF (S)

VS.

**CGC-07-469930**

PFIZER, INC., A DELAWARE CORPORATION et al

**ORDER TO SHOW CAUSE RE:
PROOF OF SERVICE**

DEFENDANT (S)

TO: PLAINTIFF'S ATTORNEY OR PLAINTIFF IN PRO PER

You are hereby ordered to appear in Department 212, 400 McAllister St., on APR-01-2008, at 9:00AM pursuant to San Francisco Uniform Local Rules 3.0C1 and CRC 3.110(b) to show cause why sanctions should not be imposed for failure to serve defendant(s) and file proof(s) of service within 60 days of the filing of the complaint.

You must file proof of service no later than one week before your appearance date.

You may call (415) 551-4000 after 12:00 Noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar

DATED: FEB-27-2008

ARLENE T. BORICK
JUDGE/COMMISSIONER

ORDER TO SHOW CAUSE RE: PROOF OF SERVICE
Form 000350



## Certificate of Mailing

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on FEB-27-2008 I served the foregoing ORDER TO SHOW CAUSE RE: PROOF OF SERVICE on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated : FEB-27-2008                    By: DAVID YUEN

DANIEL P. IANNITELLI (203388)
FOTOUHI, EPPS, HILLGER, GILROY, LLP
160 PINE STREET, SUITE 710
SAN FRANCISCO, CA 94111

DANIEL P. IANNITELLI (203388)
FOTOUHI, EPPS, HILLGER, GILROY, LLP
160 PINE STREET, SUITE 710
SAN FRANCISCO, CA 94111

CGC-07-469930

RANDALL J SLOAN VS. PFIZER, INC., A DELAWARE CORPORATION et al

## Mini-Minutes - Apr-01-2008   9:22 am

No appearance. Plaintiff's counsel is sanctioned $200.00, for failure to appear. The OSC is ordered off calendar. Proceedings reported by: Scott Hughes, CSR#12365. (212)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

RANDALL J SLOAN

                                    PLAINTIFF (S)

                    VS.

PFIZER, INC., A DELAWARE CORPORATION et
al

                                    DEFENDANT (S)

**Pretrial Department 212**
**Case Management Order**


**NO. CGC-07-469930**


**Sanction Order**


TO: DANIEL P. IANNITELLI, ESQ.,

You are hereby ordered to pay sanctions in the amount of $200.00 for failure to: APPEAR AT THE ORDER TO SHOW CAUSE HEARING ON: APR-01-2008.

This amount must be paid to the San Francisco Superior Court on or before Apr-16-2008, in Room 103 at 400 MCALLISTER STREET, SAN FRANCISCO, CA  94102.

DATED:  APR-01-2008                 ARLENE T. BORICK
                                    _____
                                    JUDGE/COMMISSIONER

Sanction Order
Form 000001

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on APR-01-2008 I served the foregoing Sanction Order on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated : APR-01-2008                    By: YOLANDA MAZARIEGOS


DANIEL P. IANNITELLI (203388)
FOTOUHI, EPPS, HILLGER, GILROY, LLP
160 PINE STREET, SUITE 710
SAN FRANCISCO, CA 94111

Mitchell F. Boomer (State Bar No. 121441)
Janine R. Hudson  (State Bar No. 206671)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401

Attorneys for Defendant
PFIZER, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| RANDALL J. SLOAN, an individual, | Case No. CGC-07-469930 |
| Plaintiff, | **DEFENDANT PFIZER, INC.'S ANSWER TO UNVERIFIED COMPLAINT** |
| vs. | |
| PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive, | Complaint Filed:    December 11, 2007 |
| Defendants. | |

Defendant PFIZER, INC. ("Defendant"), for itself and none other, answers the unverified

complaint of Plaintiff RANDALL J. SLOAN ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and

specifically, each and every allegation contained in Plaintiffs' unverified complaint.

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of the complaint herein, Defendant

alleges as follows:

/ / /

/ / /

/ / /

1

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's first, second and fourth causes of action are barred in whole or in part by the Plaintiff's failure to properly file a timely charge with the California Department of Fair Employment and Housing and to properly obtain a right to sue letter. Cal. Govt. Code §§ 12960 and 12965.

**THIRD AFFIRMATIVE DEFENSE**

At all times material to Plaintiff's Complaint, Defendant maintains and enforces a policy prohibiting and seeking to prevent discrimination in the workplace. Defendant's policies include statements that encourage employees to come forward with complaints of discrimination. Known violators of Defendant's policies prohibiting discrimination and retaliation, including supervisory personnel, subject themselves to remedial and disciplinary measures, including termination of employment. Plaintiff's complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct discriminatory or retaliatory behavior based on disability, gender, and sexual orientation, and Plaintiff unreasonably failed to utilize the preventive or corrective remedies provided by Defendant to prevent and to otherwise avoid such harm.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's first, second, third and fourth causes action are barred in whole or in part because Defendant's acts were done for legitimate, non-discriminatory and non-retaliatory business reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's first, second, and fourth causes of action are barred in whole or in part because, assuming *arguendo* Defendant knew or should have known Plaintiff was subjected to unlawful discrimination or retaliation, Defendant took immediate and appropriate corrective action.

2

1

## SIXTH AFFIRMATIVE DEFENSE

2    Plaintiff's first cause of action for disability discrimination is barred in whole or in part

3  because Defendant satisfied and/or discharged its duty to engage Plaintiff in good faith interactive

4  discussions to determine the availability of effective reasonable accommodations, whereas

5  Plaintiff failed to do so.

6

## SEVENTH AFFIRMATIVE DEFENSE

7    Plaintiff's first cause of action for disability discrimination is barred in that the desired

8  accommodation sought by the plaintiff would impose an undue hardship on the employer's

9  business operations, pursuant to California Government Code sections 12940(a)(l) and 12940(m).

10

## EIGHTH AFFIRMATIVE DEFENSE

11    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

12  doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces

13  Plaintiff's alleged damages.

14

## NINTH AFFIRMATIVE DEFENSE

15    Plaintiff's fifth cause of action for breach of implied covenant of good faith and fair

16  dealing is barred because Plaintiff's employment was terminated for good cause.

17

## TENTH AFFIRMATIVE DEFENSE

18    Plaintiff's third and fifth causes of action for alleged wrongful termination and breach of

19  the implied covenant of good faith and fair dealing are barred by California Labor Code section

20  2922, in that Plaintiff's employment with Defendant was for no specified term and thus subject to

21  termination at the will of either party without notice or cause.

22

## ELEVENTH AFFIRMATIVE DEFENSE

23    Plaintiff's fifth cause of action is barred by California Code of Civil Procedure § 339 to

24  the extent Plaintiff seeks relief for any purported claims for breach of implied terms of an oral

25  contract or implied covenant which occurred more than two years before the filing of the

26  Complaint.

27

## TWELFTH AFFIRMATIVE DEFENSE

28    Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part by the

3

1 | doctrine of unclean hands.

2 | ### THIRTEENTH AFFIRMATIVE DEFENSE

3 | Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part by

4 | Plaintiff's own acts and omissions, which constitute estoppel both in law and fact.

5 | ### FOURTEENTH AFFIRMATIVE DEFENSE

6 | To the extent Plaintiff claims any acts of Defendant or its employees caused him alleged

7 | emotional distress, the exclusive remedy for Plaintiff's alleged emotional distress and other

8 | injuries, if any, lies under the California Workers' Compensation Act, California Labor Code §§

9 | 3600 *et seq.*

10 | ### FIFTEENTH AFFIRMATIVE DEFENSE

11 | Plaintiff is barred in whole or in part from recovering any damages, or any recovery must

12 | be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged

13 | damages.  Further, Plaintiff's damages, if any, are to be reduced by all income received by

14 | Plaintiff after his separation from employment by Defendant.  Such income shall include all

15 | earned income, state disability payments, social security payments, private disability insurance,

16 | Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in compensation for

17 | services rendered under any federal, state or local program or from any private insurance.

18 |

19 | Dated:  April 1, 2008          JACKSON LEWIS LLP

20 |

21 | By: _____

Mitchell F. Boomer

22 | Janine R. Hudson
Attorneys for Defendant
PFIZER, INC.

23 |

24 |

25 |

26 | H:\P\Pfizer, Inc (54333)\Sloan, Randal J (118824)\Pleadings\20080401 jrh Answer to Unverified Complaint (final).doc  April 1, 2008

27 |

28 |

4

DEFENDANT PFIZER, INC.'S
ANSWER TO UNVERIFIED COMPLAINT                    Case No. CGC-07-469930

1

**PROOF OF SERVICE**

2
     I, Belinda Vega, declare that I am employed with the law firm of Jackson Lewis

3
LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am

4
over the age of eighteen (18) years and am not a party to this action.

5
     On April 1, 2008, I served the attached **DEFENDANT PFIZER, INC.'S**

6
**ANSWER TO UNVERIFIED COMPLAINT** in this action by placing a true and correct copy

7
thereof, enclosed in a sealed envelope addressed as follows:

8
Daniel P. Iannitelli (SBN 203388)     Attorneys for Plaintiff
Bryan L.P. Saalfeld (SBN 243331)

9
Fotouhi Epps Hillger Gilroy LLP     RANDALL J. SLOAN
160 Pine St., Ste. 710

10
San Francisco, CA 94111
Tel:  (415) 362-9300

11
Fax:  (415) 358-5521

12
[X]  **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage
thereon fully prepaid, placed for collection and mailing on this date, following ordinary

13
business practices, in the United States mail at San Francisco, California. **[( )** *Courtesy
copy by fax.*]

14

15
[ ]  BY HAND DELIVERY: I caused such envelope to be delivered by hand to the above
address (via Western Messenger).

16

17
[ ]  BY OVERNIGHT DELIVERY: I caused such envelope to be delivered to the above
address within 24 hours by overnight delivery service (via Overnite Express).

18

19
     I declare under penalty of perjury under the laws of the State of California that the

20
above is true and correct; executed on April 1, 2008, at San Francisco, California.

21

22
                             Belinda Vega

23

24

25

26

27

28



JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**E-filing**

**ORIGINAL**

## I. (a) PLAINTIFFS
RANDALL J. SLOAN,

## DEFENDANTS
PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Daniel P. Iannitelli (SBN 203388)/Bryan L.P. Saalfeld (SBN 243331)
Fotouhi Epps Hillger Gilroy LLP
160 Pine St., Ste. 710, San Francisco, CA  94111
Tel.: 415-362-9300; Fax: 415-358-5521

Attorneys (If Known)

Mitchell F. Boomer (SBN 121441)/Janine R. Hudson (SBN 206671)
JACKSON LEWIS LLP
199 Fremont St., 10th Fl., San Francisco, CA  94105-2249
Tel.: (415) 394-9400; Fax: (415) 394-9401

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities— | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity of Citizenship 28 U.S.C. § 1441(a)
Brief description of cause:
Discrimination and wrongful termination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". No related cases.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
April 7, 2008

SIGNATURE OF ATTORNEY OF RECORD