1  Mitchell F. Boomer (State Bar No. 121441)
   Janine R. Hudson (State Bar No. 206671)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendant
   PFIZER, INC.
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | RANDALL J. SLOAN, an individual, | Case No.  CV-08-1849 BZ |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]** |
| vs. | |
| PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive, | [Declaration of Lynne Buongiorno in Support of Motion and Request for Judicial Notice filed concurrently herewith] |
| Defendants. | Date:  July 16, 2008<br>Time:  10:00 a.m.<br>Ctrm.:  G, 15th Floor<br>MJ:    Hon. Bernard Zimmerman |
| | Complaint Filed:  12/11/2007<br>Case Removed to Federal Court:  4/7/2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

Randall Sloan ("Plaintiff"), a quality control ("QC") manager, brought this employment action in California state court against his former employer Pfizer, Inc. ("Pfizer" or the "Company").  Pfizer is a research-based, global pharmaceutical company that develops, manufactures and markets prescription medicines.  Pfizer's world headquarters is located in New York, New York.  In October 2001, Plaintiff signed an employment agreement in New

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]                Case No. CV-08-1849 BZ

York agreeing to work as a Clinical Programs Associate within the Company's New York Clinical Development department.

During his entire employment with Pfizer, Plaintiff's positions were based in New York where he served as a member of the Company's Clinical Development and Development Operations departments. All Plaintiff's supervisors, managers and team members reside in New York. Other key witnesses responsible for evaluating Plaintiff's performance, determining his eligibility for disability benefits, reviewing his accommodation requests, investigating his discrimination complaints, and selecting personnel for a reduction in force which included Plaintiff's work group reside in the New York or New Jersey area. Multiple health care providers who evaluated and treated Plaintiff are based in New York. Finally, virtually all the events giving rise to Plaintiff's claims occurred in or about Pfizer's New York office.

Compelling reasons support transferring this action to New York. California has virtually no connection to this dispute. At all times, Plaintiff was a New York employee of Pfizer. In or about mid-September 2005, Plaintiff decided to move to California. He then requested telecommuting from California as a "reasonable accommodation." Besides this unapproved and surreptitious move to California in late 2005, the only connection this matter has to California is that one or two of Plaintiff's health care providers are located in California. However, nearly all the doctors who evaluated Plaintiff for purposes of his disability claims, temporary work restrictions and accommodation issues reside in New York.

It appears Plaintiff is shopping for a forum which he believes will be favorable for his position and/or disadvantageous for Pfizer. Since this matter bears no pertinent connection to the Northern District of California, and the vast majority of, if not all, key witnesses and pertinent evidence is located in New York, Pfizer respectfully requests this matter be transferred to the United States District Court for the Southern District of New York.

II.     **STATEMENT OF ISSUES**

Should this Court transfer this matter to the Southern District of New York pursuant to 28 USC §1404(a)?

///

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]                    Case No. CV-08-1849 BZ

III.  **STATEMENT OF FACTS**

    A.  **Procedural Background**

On December 11, 2007, Plaintiff filed a complaint in San Francisco County Superior Court alleging the following claims: (1) disability discrimination pursuant to California Government Code section 12940 *et seq*; (2) gender and sexual orientation discrimination pursuant to California Government Code section 12940 *et seq*; (3) wrongful termination in violation of public policy; (4) retaliation pursuant to California Government Code section 12940 *et seq*; (5) breach of covenant of good faith and fair dealing; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. (Request for Judicial Notice, ("RJN"), Exhibit A, ¶1, Plaintiff's Complaint filed December 11, 2007)

On April 7, 2008, Pfizer removed the action from state court to federal court based on diversity jurisdiction. Thus, this matter is currently venued in the Northern District of California. However, it is clear the matter should be transferred to the Southern District of New York.

    B.  **Factual Background**

Pfizer is a research-based, global pharmaceutical company that develops, manufactures, markets and sells prescription medicines for humans and animals. (See Declaration of Lynne Buongiorno in Support of Motion to Transfer Venue ("Buongiorno Decl.", ¶4.) Pfizer is incorporated in the State of Delaware with its world headquarters located in New York, New York. (Buongiorno Decl., ¶4.)

On August 28, 2001, Pfizer's New York office sent Plaintiff's offer letter to his residence in New York. On August 31, 2001, Plaintiff accepted Pfizer's offer to join the Company's Clinical Development department located in New York and work as a Clinical Programs Associate under the direction of Department Manager Helen Caridi. (Buongiorno Decl., ¶5, Exhibit ("Ex.") A.) On October 1, 2001, Plaintiff signed an employment agreement in New York, accepting the terms and conditions of employment with the Company's New York office. (Buongiorno Decl., ¶ 6) In the Employment Agreement, the parties agreed New York law would apply to the enforcement, construction and interpretation of the agreement. (Buongiorno Decl., ¶6, Ex. B – Employment Agreement, at ¶13.)

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]                    Case No. CV-08-1849 BZ

Throughout his employment with Pfizer, Plaintiff worked in New York out of Pfizer's New York office. (Buongiorno Decl., ¶7.) In or about mid-September 2005, Plaintiff surreptitiously relocated himself to California without prior approval or notice of his intent to do so. (Buongiorno Decl., ¶7.) However, even while working in California on a voluntary and temporary basis, Plaintiff acknowledged his continued affiliation with the New York office by confirming the New York location of his department in his expense reports. (Buongiorno Decl., ¶8, Ex. C.) All decisions regarding Plaintiff's employment were made by managers Helen Caridi, Donald Costello, Frank Caridi and James Crowe, all of whom worked, or are still working, in the New York office and all of whom reside in the New York – Northern New Jersey metropolitan area. (Buongiorno Decl., ¶9.) The Human Resources personnel who received Plaintiff's complaints about the alleged discrimination and retaliation by his New York managers, and conducted an internal investigation of these complaints work in the New York office. (Buongiorno Decl., ¶¶ 2, 10.) Further, virtually all the witnesses interviewed during the Company's investigation of Plaintiff's claims are located in the New York-Northern New Jersey metropolitan area. (Buongiorno Decl., ¶¶ 10, 16.) All Plaintiff's wages, including any earned while working in California, were considered earned in New York and subject to the appropriate local, New York state and federal withholdings. (Buongiorno Decl., ¶11.)

Furthermore, Pfizer personnel responsible for responding to Plaintiff's requested telecommuting accommodation are located in New York. (Buongiorno Decl., ¶12.) Several of Plaintiff's health care providers, including those responsible for evaluating his temporary work restrictions and disability benefits applications are located in New York. (Buongiorno Decl., ¶13.)

On October 18, 2005, Plaintiff filed a workers' compensation claim with the State of New York's Workers' Compensation Board. (Buongiorno Decl., ¶14.)

IV.  **LEGAL DISCUSSION**

   A.  **The Court Has Discretion to Transfer Matters to a More Convenient Forum Pursuant to 28 U.S.C. § 1404(a).**

Venue is governed by 28 U.S.C. § 1404(a). Under Section 1404(a), a district court has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case

consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) (citing *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239 (1988)).

Section 1404(a) further provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a) (1998). In other words, the transferee court must have personal jurisdiction over the defendant and subject matter over the claim. Additionally, venue must be proper in the transferee court.

The next step in determining whether transfer is appropriate requires the court to consider multiple public and private factors: (1) convenience of the parties; (2) conveniences of the witnesses; (3) ease of access to evidence; (4) familiarity of each forum with the applicable law; (5) local interest in the controversy; (6) and the relative court congestion and time of trial in each forum. (RJN, Exhibit B, ¶2, *Biswas v. HR Value Group, LLC*, 2002 U.S. Dist. LEXIS 19164 (N.D. Cal. Oct. 3, 2002) citing *Decker Coal Co. v. Commonwealth Edison*, 805 F.2d 834, 843 (9th Cir. 1983)).

Here, no question exists that venue is proper in the Southern District of New York. As detailed below, this transferee court is a proper venue for this action and the factors clearly weigh in favor of transferring this matter to the Southern District of New York.

B. **Analysis of the Factors Overwhelmingly Favors Transfer.**

1. **This Action Could Have Been Brought in the Southern District of New York.**

As set forth above, transfer under Section 1404(a) must be to a court where the action "might have been brought." 28 U.S.C. 1404(a). The Southern District of New York is a proper venue for this action. The Southern District of New York has proper personal jurisdiction over Pfizer because it is a company with its principal place of business in New York, New York. (Buongiorno Decl., ¶ 4.) Further, as stated in Pfizer's Notice of Removal, this District has proper subject matter jurisdiction over the claims based on diversity, and because the amount in controversy exceeds $75,000. Finally, in actions based on diversity, where all Defendants reside

in the same state, venue is proper in a district when any defendant "resides" or in a district where a "substantial part of the events or omissions" on which the claims are based occurred. 28 U.S.C. § 1391(c). Here, both factors point to the Southern District of New York as the proper venue.

### 2. Minimal Consideration Should be Given to Plaintiff's Choice of Forum As None of the Operative Facts Occurred in California.

While courts generally accord weight to Plaintiff's choice of forum, it "is not the final word." (RJN, Ex. C, ¶3, *Jarvis v. Marietta Corporation,* 1999 U.S. Dist. LEXIS 12659 *6, 9 (N.D. Cal. 1999)). If the operative facts have not occurred within the forum of original selection, and that forum has no particular interest in the parties or the subject matter, then the plaintiff's choice deserves only minimal consideration. *DeFazio v. Hollister Employee Share Ownership Trust,* 406 F. Supp.2d 1085, 1088 (E.D. Cal. 2005) citing *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987), *cert denied,* 485 U.S. 993, 108 S. Ct. 1302 (1988).

Beyond any contacts Plaintiff may have with the Northern District of California as a resident, nothing suggests that this forum has a "particular interest" in the matter at issue. While California does have an interest in protecting its citizens, all of the specific actionable events at issue in this case happened outside of California, and occurred predominantly, if not exclusively, in New York. (Buongiorno Decl., ¶¶ 5 – 13.) Furthermore, the terms and conditions of Plaintiff's employment are governed by New York law. (Buongiorno Decl., ¶6, Ex. B.) Therefore, although Plaintiff may be a California resident, his choice of forum is entitled to limited deference. (RJN, Ex. D, ¶4, *Teknekron Software Systems, Inc. v. Cornell Univ.,* 1993 U.S. Dist. LEXIS 21337, (N.D. Cal. 1993)(finding that because the action's 'center of gravity' was in New York, where almost all the allegedly infringing activity occurred, the plaintiff's choice of forum was only entitled to limited deference)). This becomes even more obvious in light of the fact that Plaintiff unilaterally relocated to California without Pfizer's knowledge or approval.

### 3. Nearly All Witnesses are Located in New York.

Convenience of witnesses represents one of the most important factors in considering a transfer motion. See *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 89 F.R.D. 497, 501 (C.D. Cal. 1981). With the exception of Plaintiff and one or two California health care providers,

all the witnesses reside in New York. For example, with respect to his disability discrimination claim, Plaintiff received medical treatment for his alleged disability in New York. Nearly all health care providers who conducted independent evaluations of Plaintiff's medical and psychological conditions and determined the extent and nature of Plaintiff's work restrictions did so in New York. (Buongiorno Decl., ¶¶ 12 -13.) To the extent these key witnesses are not Pfizer employees, they cannot be compelled to testify at trial in California.

Significantly, all decisions affecting Plaintiff's employment were made by managers and supervisors who reside and work in New York. Plaintiff alleges his supervisors and managers discriminated and retaliated against him; all these individuals are located in the New York-Northern New Jersey metropolitan area. (Buongiorno Decl., ¶¶ 9-10.) Finally, Human Resources personnel who received and investigated Plaintiff's discrimination and retaliation complaints, and with whom Plaintiff had extensive communications about various aspects of his employment work of out Pfizer's New York office. (Buongiorno Decl., ¶¶ 1-2, 10.) Accordingly, the convenience of witnesses weighs in favor of transferring this case to the Southern District of New York.

### 4. Nearly All Relevant Documents are Located Outside of California.

When the location of the evidence is supported by other factors in favor of transfer, the relative ease of access to proof is an important factor to consider in deciding whether to grant a motion to transfer under Section 1404(a). (RJN, ¶3, *Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659 (N.D. Cal. 1999)). Pfizer maintains its principal place of business and world headquarters in New York. (Buongiorno Decl., ¶4.) The documents regarding Plaintiff's employment and personnel complaints, as well as any correspondence, memoranda and other records maintained by Pfizer regarding its business decisions relative to Plaintiff's employment are located in New York. (Buongiorno Decl., ¶15.) Furthermore, nearly all documentation regarding Plaintiff's medical condition, temporary work restrictions, disability leave and accommodation issues is located in New York. With virtually all the relevant documents located outside of California, litigating this case in the Northern District would result in significant expense and inconvenience, and possibly create evidentiary issues for the parties, all of which can

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]                              Case No. CV-08-1849 BZ

be avoided by transferring this matter to the Southern District of New York.

     **5.**    **Local Interest Favors Transferring this Action to New York.**

Another important consideration is the "local interest in having local controversies decided at home." *Decker Coal*, 805 F.2d at 843. As set forth above, other than Plaintiff unilaterally choosing to relocate to California, nothing connects this action to the Northern District of California. As this Court has stated, "[i]f the operative facts have not occurred within the forum or original selection and that forum has no particular interest in the parties or subject matter, the plaintiff's choice of forum is entitled to only minimal consideration." (RJN, ¶3, *Jarvis v. Marietta Corp.*, (1999) U.S. Dist. LEXIS 12659 *6, 9.)

Here, virtually every action related to Plaintiff's claims occurred in New York and a New York corporation, is the sole defendant in this action. While California does have an interest in protecting its citizens, New York clearly has an interest in its corporations and the activities they undertake. See *Hi-Pac, Ltd. v. Avoset Corp.*, 980 F. Supp. 1134, 1141 (D. Haw. 1997). In the absence of any meaningful connection to the district in which an action is filed, the court should exercise its discretion to transfer cases where venue is more appropriate. This holds especially true in the instant matter, as nearly all of the documentary evidence, witnesses, and acts or omissions at issue in this case are, or occurred in, New York. New York, thus, has a greater local interest in adjudicating this controversy than does California.

## V. CONCLUSION

For the aforementioned reasons, Pfizer respectfully requests that this action be transferred to the Southern District of New York.

Dated: June 5, 2008                        Respectfully submitted,

                                                        JACKSON LEWIS LLP

                                          By:    */s/ Janine R. Hudson*
                                                       Mitchell F. Boomer
                                                       Janine R. Hudson
                                                       Attorneys for Defendant
                                                       PFIZER, INC.