Daniel P. Iannitelli - 203388
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94111
Tel:   415.362.9300
Fax:  415.358.5521
Email: sfotouhi@fe-law.com
Email: diannitelli@fe-law.com

Attorneys for Plaintiff
RANDALL SLOAN

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RANDALL J. SLOAN,<br><br>   Plaintiff,<br>vs.<br><br>PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive,<br><br>   Defendants. | No.  CV 08-1849 SBA<br><br>**PLAINTIFF'S OPPOSITION TO PFIZER'S MOTION TO TRANSFER VENUE**<br><br>Date:  July 29, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 3<br>Court: Hon. Saundra B. Armstrong |

**I.  INTRODUCTION**

Plaintiff Randal Sloan concedes the fact that many of the anticipated witnesses in this case are located in New York.  And although the locality of witnesses is an important factor in the analysis of this motion, it is not the sole factor and does not outweigh the burden a transfer of venue will place on Mr. Sloan.  Suffering from multiple serious medical conditions, including HIV/AIDS, and nearly destitute, litigating this matter in New York will certainly have adverse consequences to Mr. Sloan and may ultimately result in Mr. Sloan's inability to prosecute his claims.

Mr. Sloan's election to file this action in California was not, despite Defendant's assertions to the contrary, an exercise in forum shopping.  The factors for selecting California were Mr. Sloan's residence, his medical condition and the fact that most of the acts upon which Mr. Sloan bases his claims occurred while Mr. Sloan was working for defendant from his

1  residence in San Francisco, California.  Further, the causes of action asserted by Mr. Sloan are
2  solely based on California law.
3        The balance of relative hardships, ease of modern discovery, plaintiff's forum selection
4  and application of California law in this matter render New York an undesirable forum.

5  **II.   LEGAL ARGUMENT**

6        Motions for transfer "lie within the broad discretion of the district court and are
7  determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga*
8  *Equipment Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).  And although a plaintiff's "choice of
9  forum is accorded great deference", it is one of several factors a court must consider, including:
10 (1) the relative convenience of the selected forum and proposed forum; (2) the possible hardship
11 to the plaintiff if the court grants the motion; (3) the interests of justice; and (4) the deference to
12 be accorded the plaintiffs' choice of forum." Jacobson v. Hughes Aircraft, 105 F.3d 1288, 1302
13 (9th Cir. 1997).  As demonstrated below, the balance of hardships and consideration of these
14 factors weigh in favor of Mr. Sloan.

15       **A.**    **Witnesses and Documents**

16       Defendant argues that New York is the ideal venue because most of the witnesses and
17 documents at issue in this matter are located in New York.  Mr. Sloan acknowledges that many
18 witnesses are located in New York, but not all witnesses and Plaintiff maintains that it is not
19 determinative for various reasons.  First, while many of the witnesses are in New York, several
20 other witnesses are in California.  In addition to Mr. Sloan himself, six of his treating physicians
21 and medical providers, with information relevant to this matter, are located in San Francisco,
22 California. [Iannitelli Dec., ¶ 3.]  Mr. Sloan's physicians and other California medical providers
23 are all third-party witnesses who cannot be compelled to testify in New York.
24       By contrast, the five witness identified in Defendant's motion are employees of
25 Defendant, particularly the medical providers employed by Defendant who evaluated Plaintiff
26 and whose testimony is highly relevant. [Buongiorno Decl., ¶16.].  These employee-witnesses
27 can be compelled to testify in California.  The remaining few third-party witnesses in New York
28 are *former employees of Defendant* who will benefit from being represented by Defendant as

1  former employees.  Defendant can certainly afford these witnesses' travel costs.  Furthermore,
2  other accommodations, such as video taped deposition testimony use at trial, can be made for
3  these few third-party New York witnesses.
4      Defendant's also aver that a transfer is necessary because most of the documentary
5  evidence in this matter is located in New York.  Defendant claims, without any elaboration, that
6  litigating this case in California would cause "great expense and inconvenience, and possibly
7  create evidentiary issues for the parties".  This claim is irrelevant.  *Miracle v. NYP Holdings,*
8  *Inc.*, 87 F.Supp.2d 1060 (D. HI 2000) (a defendants assertion of monetary expense and
9  litigation difficulty should be disregarded where the case concerns an individual plaintiff
10 against a large corporation.)   Additionally, it is unclear what it meant by this statement.  As
11 described by Defendant, the documentary evidence is all within Defendant's possession and
12 part of Mr. Sloan's employment file and medical file maintained by Defendant.  These records
13 are not difficult to obtain and require the same effort, on Defendant's part, to produce and
14 authenticate the evidence whether done in California or New York.

15 **B.   Relative Hardships**

16 Mr. Sloan will bear an almost impossible financial hardship if the many local witnesses
17 will be required to travel to New York to testify on his behalf of Mr. Sloan has not worked since
18 being terminated by Defendant and is on the brink of financial ruin. [Iannitelli Decl., ¶ 4.]
19 Pfizer, on the other hand, is a large multi-national corporation with vast resources and divisions
20 located within the State of California.  Defendant can afford to litigate this matter in California
21 and facilitate its witnesses and evidence between New York and California.
22 The matter of *Advideo Inc. v. Kimel Broadcast*, 727 F.Supp 1337 (N.D. Cal. 1989),
23 involved two relatively small corporations where the defendant sought to transfer venue to New
24 York. In its motion, the defendant argued that the transfer was appropriate because the alleged
25 wrongful act and *most* of the witnesses were located in New York. *Id*. at 1342.  The defendant
26 had also argued that it would be a great financial burden for it to litigate in California. *Id*.  The
27 court, however, noting that the plaintiff, also a small corporation, would also be financially
28 burdened by litigation in New York and denied the motion. *Id*.

Of significance here is the fact that the court in *Advideo, Inc.*, looking at the financial conditions being equal, declined to transfer the case even though the wrongful act and witnesses were located in New York. In contrast here, Mr. Sloan has no resources in which to litigate in New York whereas Pfizer can and does litigate matters throughout the world. Moreover, the relative means of the parties is a significant issue to be considered in the context of motions to transfer venue. *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693-94 (SD NY 1994) (motion to transfer not favored where individuals are in litigation against large corporations that have the means to handle the expense of litigating a distance away).

The costs Mr. Sloan will have to bear if this case is transferred to New York is so great that he may lose his ability to prosecute this matter. In light of his financial condition, he cannot afford the travel and lodging costs for a trial in New York. More pressing, however, Mr. Sloan does not have the means to travel to New York to find adequate representation in this matter in New York. A transfer of venue in this matter can result in a loss of Mr. Sloan's claim.

### C.  Interests of Justice of Favor Denial of the Motion to Transfer

#### 1.  Plaintiff's Choice of Forum / Local Court Interest

In its motion, Defendant attempts to downplay the importance of Mr. Sloan's selection of this venue claiming it "deserves only minimal consideration". [Defendant's MPA, 6:10.] This is based on Defendant's summary determination that the claims asserted by Mr. Sloan occurred solely in New York and California court's lack interest in this action. This is false. Beinning in September 2005, Mr. Sloan worked for Defendant in California. [Boungiorno Decl., ¶ 7.] Defendant terminated Mr. Sloan on or about January 8, 2007. [Plaintiff's Complaint, ¶ 6, 2:12.] Mr. Sloan worked for Pfizer, Inc. for approximately 18 months in California, during which time many of the acts on which he bases this suit occurred. [Plaintiff's Complaint, generally.]

Mr. Sloan disputes Defendant's characterization that his employment at Pfizer was only within the confines of New York. Mr. Sloan worked and lived in California between September 2005 and January 2007. Defendant has numerous operations and offices in California,

1  including South San Francisco, Sacramento, La Jolla, and Irvine. [Iannitelli Decl., ¶ 5.]   While
2  he reported to the New York office, it does not mean that California courts do not have interest
3  in its residents' employment with a company operating in California.

4  The California laws on which Mr. Sloan filed this action do not limit their application
5  along the lines asserted by Defendant. As defined in *California Government Code* §§ 12926(d)
6  and 12940, defines a covered employer as "any person regularly employing five or more
7  persons, or any person acting as an agent of an employer, directly or indirectly, the state or any
8  political or civil subdivision of the state").  Furthermore, the Legislature specifically stated:
9  "This part shall be deemed an exercise of the police power of the State for the **protection of the**
10 **people** of State". Cal. Govt. Code § 12920 (emphasis added).  Codified in the laws under which
11 this lawsuit was instituted is the interest of the court's of California over its citizens employed
12 by corporations operating in California.

### 2. Application of Governing Law

14 As discussed above, and specifically alleged in Mr. Sloan's Complaint, are causes of
15 action against Defendant based solely on California law.  In *Van Dusen v. Barrack*, 376 U.S.
16 612, 645 (1964), the Supreme Court noted that it has "long been recognized" that there is policy
17 which favors having the trial of a diversity case "in a forum that is a home with the state law
18 that must govern case".   The concern is that the transferee court may have difficult applying the
19 laws of the transferor court. *Id*. Accordingly, the uncertainty of the application of the governing
20 law is an important consideration and, in some cases, determinative. *Id*. at 646.  This is
21 particularly true where here, laws applicable to the claims asserted by Mr. Sloan are specialized
22 and unique to California.

### 3. Balance of Hardships

24 As discussed above, Mr. Sloan is presently of severely limited means.  The transfer of
25 the case may result in his complete loss of his right to have his claims adjudicated.  This
26 possibility alone overcomes any inconvenience to Defendant, a large world-wide corporation,
27 and its employees in litigating this case.  The interests of justice dictate that this case should
28 remain in the forum in which it was filed.  See *Miracle v. NYP Holdings, Inc.*, *supra*; *Dwyer v.*

*General Motors Corp.*, *supra*; *Advideo Inc. v. Kimel Broadcast*, *supra*.

## III. CONCLUSION

Plaintiff Randall Sloan deserves to have his case heard. The balance of equities and convenience factors support having this case litigated in California.

- His financial, medical and metal condition severely impacts his ability to continue this litigation in another forum.
- The laws governing this action are California laws.
- Many of the witnesses are located in California, including the plaintiff and his medical services providers.
- Mr. Sloan worked for Pfizer, Inc. for nearly two years while living in California.
- Pfizer, Inc. is a large multinational corporation with numerous operations and offices in California.
- The burden to Defendant to litigate this case in California is minimal.

For the foregoing reasons, this Court should respect Plaintiff's choice of forum and deny Defendant's Motion to Transfer.

Dated: July 9, 2008                                       FOTOUHI • EPPS • HILLGER • GILROY LLP


                                                          By:   /s/ Daniel P. Ianniteli
                                                                Daniel P. Ianitelli
                                                                Attorneys for Plaintiff
                                                                Randal Sloan