1    Mitchell F. Boomer (State Bar No. 121441)
     Janine R. Hudson (State Bar No. 206671)
2    JACKSON LEWIS LLP
     199 Fremont Street, 10th Floor
3    San Francisco, California 94105
     Telephone: (415) 394-9400
4    Facsimile: (415) 394-9401

5    Attorneys for Defendant
     PFIZER, INC.

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   RANDALL J. SLOAN, an individual, | Case No. CV-08-1849 SBA |
| 12           Plaintiff, | **PFIZER, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO PFIZER, INC.'S MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]** |
| 13      vs. | |
| 14   PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive, | *[Declaration of Thomas Kelly, Evidentiary Objections and [Proposed] Order filed concurrently herewith.]* |
| 15 | |
| 16         Defendants. | Date:   July 29, 2008 |
| 17 | Time:   1:00 p.m. |
|    | Ctrm.:   3; 3rd Fl. |
| 18 | DJ:     Hon. Saundra B. Armstrong |
| 19 | Case Removed to Federal Court: 4/7/2008 |

20                 **I.    INTRODUCTION**

21       Plaintiff does not refute that the majority of witnesses (including several of his personal

22 treating physicians) and almost all the documentary evidence are located in New York. Plaintiff

23 does not refute that virtually all the operative acts relative to this case occurred in New York.

24 Although plaintiff surreptitiously moved to California in September 2005, he, at all times,

25 remained an employee of Pfizer's New York office. Plaintiff maintained his affiliation with

26 Pfizer's New York office by filing a workers' compensation claim with the State of New York in

27 October 2005 and by submitting expense reports in February 2006 indicating the department

28 within which he worked was located in New York.

As virtually all the witnesses and evidence are located in New York and all the operative facts occurred in New York, plaintiff must focus on the hardship that may result if this matter is transferred New York.  However, as evidenced by the case law in plaintiff's opposition, the parties' financial means is a relatively minor factor when considering a motion to transfer. Furthermore, even less consideration is given to a party's medical condition.  Pfizer strongly refutes that medical and financial conditions alone constitute grounds for denying a motion to transfer. However, even assuming these factors were sufficient, plaintiff has not provided admissible evidence to support these claims.  Rather, plaintiff simply offers his counsel's declaration containing extremely vague statements that amount to inadmissible hearsay and lack foundation and first-hand knowledge.

On balance, the factors for considering a motion to transfer heavily favor granting Pfizer's motion, as plaintiff has not provided a sufficient factual or legal basis for retaining this matter in California.

## II.    ARGUMENT

### A.  Plaintiff's Claim of Hardship Does Not Preclude Granting Transfer.

Plaintiff argues that Pfizer's motion to transfer this action to a proper venue in the Southern District of New York should be denied due to his alleged financial and medical conditions.  Plaintiff fails to provide the legal authority to support his contentions.  Plaintiff also fails to produce admissible evidence of his alleged financial and medical conditions.  Plaintiff's only proffered evidence is his counsel's declaration, the majority of which contains inadmissible hearsay and statements lacking first-hand knowledge and foundation.  (See Pfizer's Evidentiary Objections to Declaration of Daniel Iannitelli in Support of Opposition to Motion to Transfer Venue, pp. 1-2.)

#### 1.  Plaintiff Overstates Authority for Denying Transfer Due to Financial Hardship.

Plaintiff contends that he will endure a financial hardship if he is required to litigate this matter in New York.  [Opposition at 3:16-18.]  To begin, the fact that the majority of plaintiff's witnesses (including some of his third-party treating physicians and psychiatrists) and

2

1  documentary evidence are located in New York militates in favor of trying the case in New York
2  – even from a financial perspective. Notwithstanding this reality, plaintiff's purported financial
3  means alone is not enough to defeat Pfizer's motion to transfer.  In fact, Plaintiff has failed to
4  provide authority which focuses on plaintiff's or defendant's financial condition as a basis for
5  denying a motion to transfer.  As stated in *Dwyer v. General Motors Corp.,* 853 F. Supp. 690,
6  693-694 (SD NY 1994), a case relied upon in plaintiff's opposition, the court *may also* take into
7  account the relative means of the parties in deciding a transfer motion, but this factor is only one
8  of many to consider (emphasis added). [Id. at 693.]

9      In *Dwyer,* a product's liability action against a Michigan-based automotive corporation,
10  defendant sought to transfer the matter from New York to Maryland.  In finding the factor of
11  monetary expense favored plaintiff, the court noted that the Michigan-based defendant would
12  have to travel to defend this case even if its motion were granted.  In fact, the financial condition
13  of the parties was a relatively minor consideration in this case as the court focused on at least
14  *seven* other factors.  [Id. at 692-695.]  The court further reasoned that given the causes of action
15  for breach of warranty, negligence and strict liability, the focus of the case would be on
16  defendant's business decisions in the areas of marketing, design and testing, which would most
17  likely be found in the company headquarters in Michigan.  With a majority of operative facts
18  occurring outside of Maryland and the majority of records and others sources of proof for the
19  determination of liability on the product located in Michigan, the court denied defendant's motion
20  to transfer.  [Id. at 694.]  In short, the court focused on the location of witnesses and evidence, not
21  the financial means of the parties, in considering defendant's motion.

22      Unlike *Dwyer,* the locus of operative facts (decisions related to plaintiff's employment,
23  the majority of alleged discriminatory and retaliatory acts against plaintiff and the investigation of
24  these matters, consideration of plaintiff's accommodation request and determination of plaintiff's
25  temporary work restrictions and disability benefits), the records and other sources of proof, and
26  Defendant's headquarters are all located in New York – the venue to which Pfizer requests this
27  matter be transferred.  In light of these significant differences, *Dwyer* does not apply to the instant
28  case and fails to advance plaintiff's position.

3

Plaintiff's reliance on *Advideo, Inc. v. Kimel Broadcast,* 727 F.Supp 1337 (N.D. Cal. 1989) is also misplaced. Plaintiff claims that, "the court in *Advideo, Inc.,* looking at the financial conditions being equal, declined to transfer the case even though the wrongful acts and witnesses were located in New York." [Opposition at 4:1-3.] Contrary to plaintiff's recitation of this case, the *Advideo* court reasoned that "prospective witnesses in this case also include plaintiff's California-based employees: those who negotiated the contract with defendant, those who uncovered the alleged unauthorized use of its materials, and those who are familiar with the copyright issues presented by this case." [*Advideo,* at 1342.] Furthermore, *Advideo* involved an action for copyright infringement and breach of contract, wherein "the contract at issue expressly states that legal disputes arising from the contract will be resolved in accordance with California law." [Id. at 1340.]

Again, plaintiff misleadingly overstates the court's focus on the parties' financial means in considering this motion to transfer. In *Advideo,* unlike the instant case, the court noted that several key witnesses resided in California and the parties specifically contemplated that any disputes arising from the contract would be governed by California law. [*Advideo,* at 1340-1341.]

Here, the majority of key witnesses (including several of plaintiff's treating physicians) are located in New York. Although plaintiff contends several witnesses are located in California (himself and six medical providers who he apparently used since relocating himself to San Francisco without Pfizer's permission), it is unclear why he will need six physicians and medical providers to litigate this action. [Opposition at 2:20-22.] Even assuming these witnesses are not providing duplicative evidence, their testimony will likely pertain only to his alleged emotional distress and disability discrimination claims. Physicians who treated plaintiff in New York will offer testimony more relevant to his putative disability discrimination claims since they would have treated him while he still worked for Pfizer and resided in New York. Plaintiff's claims for gender discrimination, wrongful termination, retaliation and breach of the covenant of good faith and fair dealing do not require medical experts. With the exception of plaintiff, all witnesses with relevant testimony for these claims, including plaintiff's treating doctors who recommended work restrictions, are located in the New York metropolitan area. [See, Pfizer's Memorandum of

4

PFIZER, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO PFIZER, INC.'S
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]        Case No. CV-08-1849 SBA

1    Points and Authorities in Support of Motion to Transfer Venue, ("Pfizer's MPA"), at 7:7-15.]

2         Furthermore, it is unclear whether California law is applicable to this matter as plaintiff

3    signed an employment agreement in New York, wherein plaintiff agreed New York law would

4    apply to the enforcement, construction and interpretation of the agreement. [See, Buongiorno

5    Declaration in Support of Motion to Transfer Venue ("Buongiorno Decl."), ¶6, Ex. B –

6    Employment Agreement, at ¶ 13, previously filed as part of Pfizer's moving papers.]

7         Finally, Pfizer questions plaintiff's contention that he does not have the means to obtain

8    adequate representation for this matter in New York. [Opposition at 4:9-13.] Plaintiff retained

9    the New York law firm Reavis Parent Lehrer LLP to represent him when he raised several

10   employment claims in early 2006. According to the February 2006 demand letter prepared by

11   Attorney Laurie Leonard on plaintiff's behalf, this firm has offices in New York City, Los

12   Angeles, and San Francisco. [See, Declaration of Thomas R. Kelly in Support of Pfizer's Reply

13   to Plaintiff's Opposition to Motion to Transfer Venue, ¶ 2, Exhibit A.] Pfizer does not know if

14   this firm currently represents plaintiff in any capacity. However, given plaintiff's past affiliation

15   with New York counsel, his ability to obtain representation in New York does not appear to

16   create the significant hardship plaintiff alleges in his opposing papers. Furthermore, nothing

17   prevents his San Francisco-based counsel from associating qualified New York counsel.

18                   **2. Plaintiff Cites No Authority to Support Claim of Medical Hardship.**

19        Plaintiff also claims that it will be extremely difficult for him to litigate this matter in New

20   York due to his medical condition. [Opposition at 1:21-24.] Plaintiff, however, fails to provide

21   any authority in which a court denied a motion to transfer based on the non-moving party's health

22   condition. In fact, a party's health condition does not appear to be a prevailing factor when

23   considering a motion to transfer. Courts in other jurisdictions have denied motions to transfer

24   when the moving party cited his or her own serious medical condition as a basis for transfer. See,

25   *Villante v. Vandyke* 2008 U.S. Dist. LEXIS 32647 (ND NY April 21, 2008) (moving party's

26   severe kidney disease and chronic hepatitis was not sufficient grounds for transferring matter as

27   party could travel a few days at a time); *Mason v. Jones* 1992 U.S. Dist. LEXIS 12407 (ND Ill.

28   August 19, 1992) (interest of justice factor not satisfied by transferring matter to defendant's

5

1    residence in Minnesota, despite defendant being a paraplegic and confined to a wheelchair).   In

2    short, no basis exists for denying Pfizer's motion to transfer based on plaintiff's medical

3    condition.

4          **B.   Plaintiff Has Not Refuted the Fact That All Operative Facts Occurred in New York.**

5          Plaintiff argues that his choice of forum should be duly considered because "he worked

6    approximately 18 months in California, during which time many of the acts on which he bases his

7    suit occurred." [Opposition at 4:23-25.]

8          Plaintiff's reasoning is flawed for the following reasons.   First, plaintiff misrepresents the

9    nature of his employment situation following his surreptitious move to California in September

10   2005.   Plaintiff unilaterally and without Pfizer's knowledge moved to California in September

11   2005.   Pfizer did not approve plaintiff's *voluntary and temporary* working situation from

12   California until December 2005 with the understanding that this was a *temporary* situation to help

13   plaintiff transition back to his position in New York. [Buongiorno Decl., ¶¶ 7 – 8.]  Plaintiff was

14   expected to return to New York by February 2006, but the last day he actually worked was

15   January 31, 2006.   Thus, plaintiff worked approximately five (5) months in California, initially

16   without Pfizer's knowledge or approval and eventually with the understanding that he would do

17   so temporarily and transition back to New York. [Buongiorno Decl., at ¶¶ 7 -11.]  Plaintiff never

18   returned to work after the six-week temporary assignment expired as plaintiff went out again on

19   short-term disability leave. In mid-October 2006, plaintiff's New York-based supervisor James

20   Crowe notified plaintiff that his New York group was selected for layoffs and he was eligible for

21   a separation package that would provide "notice pay" until January 8, 2007.   Therefore, the actual

22   circumstances under which plaintiff was voluntarily and temporarily working for Pfizer in

23   California differ dramatically from plaintiff's portrayal of this situation.

24         Second, plaintiff's opposition does not identify any operative facts that allegedly occurred

25   *in California*.   Plaintiff artfully states that the majority of the acts on which he bases his claims

26   occurred while Mr. Sloan was working in California, but *he does not say these events took place*

27   *in California*, nor can he. [Opposition at 1:27 – 2:1.]   As set forth in Pfizer's moving papers,

28   even though plaintiff worked temporarily in California, all decisions regarding his employment

6

PFIZER, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO PFIZER, INC.'S
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]          Case No. CV-08-1849 SBA

were made by managers and supervisors who reside and work in New York.[1]  All decisions and actions relating to evaluating plaintiff's performance, determining his eligibility for disability benefits, reviewing his accommodation requests, investigating his discrimination complaints, and selecting personnel for a reduction in force which included plaintiff's work group occurred in New York.  As plaintiff has not refuted Pfizer's contention that none of the operative facts occurred in California, his choice of forum does not warrant even minimal consideration.

### C.  The Southern District of New York is Fully Capable of Applying California Law.

Plaintiff argues that because his claims are based solely on California law, this matter should remain before the California courts.  However, assuming arguendo that California law applies, the court in *Dwyer,* a case on which plaintiff depends, held "the fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer." *Dwyer,* 859 F.Supp. at 694.

This premise also applies to federal courts applying California law.  In *Foster v. Nationwide Mut. Ins. Co.,* the court transferred a wage and hour class action to Ohio, even though the complaint included supplemental claims arising under California law.  The court correctly stated that although it was more familiar with California law, other federal courts are fully capable of applying California law.  See *Foster v. Nationwide Mut. Ins. Co.,* 2007 U.S. Dist. LEXIS 95240, *15, *16 (N.D. Cal. Dec. 14, 2007).

### III.    CONCLUSION

For the aforementioned reasons, Pfizer respectfully requests that this action be transferred to the Southern District of New York.

Dated:  July 15, 2008                         Respectfully submitted,

JACKSON LEWIS LLP

By:     */s/ Janine R. Hudson*
         Mitchell F. Boomer
         Janine R. Hudson
         Attorneys for Defendant
         PFIZER, INC.

---

[1] A majority of these decisions also pre-date plaintiff's unapproved move to California.

PFIZER, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO PFIZER, INC.'S
MOTION TO TRANSFER VENUE [28 U.S.C. §1404(a)]          Case No. CV-08-1849 SBA