Mitchell F. Boomer (State Bar No. 121441)
Janine R. Hudson (State Bar No. 206671)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
PFIZER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL J. SLOAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive,<br><br>Defendants. | Case No. CV-08-1849 SBA<br><br>[PROPOSED] ORDER GRANTING DEFENDANT PFIZER, INC.'S MOTION TO TRANSFER VENUE<br>[28 U.S.C. § 1404(a)]<br><br>Date: July 29, 2008<br>Time: 1:00 p.m.<br>Ctrm.: 3, 3rd Floor<br>DJ: Hon. Saundra B. Armstrong<br><br>Case Removed to Federal Court: 4/7/2008 |

On July 29, 2008 at 1:00 p.m., in Courtroom 3 of the above-captioned court, the Honorable Saundra B. Armstrong, judge presiding, heard Defendant Pfizer, Inc.'s ("Pfizer") Motion to Transfer Venue. Pfizer appeared by and through its counsel Mitchell F. Boomer of Jackson Lewis LLP. Plaintiff Randall J. Sloan ("Plaintiff") appeared by and through his counsel Daniel Iannitelli of Fotouhi, Epps, Hillger, Gilroy LLP. After considering the moving and opposing papers, and the arguments of counsel, the Court rules as follows:

Under 28 U.S.C. § 1404(a), a district court has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) (citing *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239 (1988)). Section 1404(a) further provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may

1

[PROPOSED] ORDER GRANTING DEFENDANT PFIZER, INC.'S
MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]                    Case No. CV-08-1849 SBA

transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate, several public and private factors should be considered: (1) convenience of the parties; (2) conveniences of the witnesses; (3) ease of access to evidence; (4) familiarity of each forum with the applicable law; (5) local interest in the controversy; (6) and the relative court congestion and time of trial in each forum. See *Biswas v. HR Value Group, LLC,* 2002 U.S. Dist. LEXIS 19164 (N.D. Cal. Oct. 3, 2002) citing *Decker Coal Co. v. Commonwealth Edison,* 805 F.2d 834, 843 (9th Cir. 1983).

Here, transferring this matter to the Southern District of New York is appropriate because the court has personal jurisdiction over Defendant Pfizer as the company's principal place of business is in New York, New York; virtually all of the operative acts occurred in New York; the majority of witnesses are located in the New York metropolitan area, including current and former Pfizer employees and the majority of Plaintiff's health care providers who are likely to provide key testimony regarding Plaintiff's employment, job responsibilities, personnel complaints, accommodation requests, and medical condition; and nearly all relevant evidence, such as Plaintiff's employment records and a significant portion of his medical information, is maintained and located in New York.

Plaintiff has not provided any competent evidence to refute the fact that the locus of operative facts occurred in New York, and that the majority of witnesses and evidence are located in New York. Plaintiff's contention that transferring this matter will create an undue hardship due to his medical and financial conditions is not supported by admissible evidence. Even assuming Plaintiff provided sufficient evidence of his conditions, these considerations alone do not outweigh the significance of the aforementioned factors in considering the instant motion.

For the foregoing reasons, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. §1404(a), this matter shall be transferred to the United States District Court for the Southern District of New York located in New York, New York.

///

///

[PROPOSED] ORDER GRANTING DEFENDANT PFIZER, INC.'S
MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]        Case No. CV-08-1849 SBA

1 | IT IS FURTHER ORDERED _____
2 | _____
3 | _____
4 | _____.

Dated: _____, 2008   _____
Saundra B. Armstrong
United States District Judge

[PROPOSED] ORDER GRANTING DEFENDANT PFIZER, INC.'S
MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]     Case No. CV-08-1849 SBA