Daniel P. Iannitelli - 203388
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94111
Tel:   415.362.9300
Fax:   415.358.5521
Email: sfotouhi@fe-law.com
Email: diannitelli@fe-law.com

Attorneys for Plaintiff
RANDALL SLOAN

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RANDALL J. SLOAN,<br><br>　　　　Plaintiff,<br>vs.<br><br>PFIZER, INC., a Delaware corporation; and DOES 1 through 40, inclusive,<br><br>　　　　Defendants. | No.  CV 08-1849 SBA<br><br>**[PROPOSED] ORDER DENYING DEFENDANT PFIZER, INC.'S MOTION TO TRANSFER VENUE**<br><br>Date:　July 29, 2008<br>Time:　1:00 p.m.<br>Place:　Courtroom 3<br>Court:　Hon. Saundra B. Armstrong |

The Motion to Transfer Venue of defendant PFIZER, INC. came regularly for hearing before the Honorable Saundra Brown Armstrong, in Courtroom 3, on July 29, 2008, at 1:00 p.m. Mitchell F. Boomer appearing on behalf of defendant Pfizer, Inc. and Daniel P. Iannitelli appearing on behalf of Plaintiff Randall Sloan.  After full consideration of the evidence, the written and oral submissions by the parties, the Court rules as follows:

Motions for transfer "lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).  When deciding a motion to transfer venue, the Court generally accords "great deference" to Plaintiff's choice of forum, in addition to considering several other factors, including: (1) the relative convenience of the selected forum and proposed forum; (2) the possible hardship to the plaintiff if the court grants the motion; (3) the interests of justice; and (4) the deference to be accorded the plaintiffs' choice of forum."

1   Jacobson v. Hughes Aircraft, 105 F.3d 1288, 1302 (9th Cir. 1997).

2   While many of the witnesses and documents relevant to this matter are located in New York, many others are also located in California. The remaining factors, however, favor retaining this matter in California. Of great significance here is the relative burdens of the parties, which favor the Plaintiff *Advideo Inc. v. Kimel Broadcast*, 727 F.Supp 1337 (N.D. Cal. 1989); *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693-94 (SD NY 1994). As an individual with limited means and poor health, the burden on Plaintiff litigating this case in New York outweighs that of Defendant, who, by contrast, is a large multinational corporation with vast resources. *Miracle v. NYP Holdings, Inc.*, 87 F.Supp.2d 1060 (D. HI 2000). Furthermore, Plaintiff's claims arise under California law and California has a legitimate interest in protecting is citizens. *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964).

For the foregoing reasons, Defendant's Motion to Transfer Venue is DENIED.

SO ORDERED:


Dated: _____, 2008            _____
                                Saundra B. Armstrong
                                United States District Judge