1
2
3
4
5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

6
7

8   RANDALL J. SLOAN,                              No.  C 08-1849 SBA

9              Plaintiff,                          **ORDER**

10     v.                                          [Docket No. 5]

11   PFIZER, INC., et al.,

12              Defendants.

13   _____

14          Currently before the Court is defendant Pfizer, Inc.'s Motion to Transfer Venue [Docket No.

15   5].  For the reasons stated herein, the motion is GRANTED.

16                                     **BACKGROUND**

17          From October of 2001 until January of 2007, Plaintiff was a Pfizer employee, working in the

18   Clinical Development Group.  Pfizer is a research-based global pharmaceutical company with world

19   headquarters in New York City.  Plaintiff worked out of Pfizer's New York office throughout the

20   course of his employment with the company.  (Buongiorno Decl. ¶ 7.)  Plaintiff earned his wages in

21   New York and the terms and conditions of his employment with Pfizer are governed by New York

22   law.  In late 2004, Plaintiff alleges that he began making formal complaints to the Pfizer Human

23   Resources department about discrimination and retaliation.  In September of 2005, Plaintiff

24   relocated to California without seeking prior approval from Pfizer.  In October of 2005, Plaintiff

25   filed a workers' compensation claim with the State of New York Workers' Compensation Board.

26          Plaintiff alleges, despite repeated requests, Pfizer declined to grant him permission to work

27   from home, which he requested because he was allegedly diagnosed with human immunodeficiency

28   virus and mental disabilities.  According to plaintiff, Pfizer insisted he apply for Short Term

1  Disability (STD) leave, but that Pfizer unreasonably delayed in providing him disability benefits and

2  then abruptly cancelled his benefits in December of 2006.  Plaintiff also alleges that after his

3  benefits were cancelled, he returned to work by telecommuting, but was again placed on STD leave

4  from February until August of 2006.  Plaintiff alleges that he requested further extension of his STD

5  leave, which Pfizer denied.  Plaintiff's employment with Pfizer was terminated in January of 2007.

6  <center>**LEGAL STANDARD**</center>

7  Section 1404(a) of Title 28 states, "[f]or the convenience of parties and witnesses, in the

8  interest of justice, a district court may transfer any civil action to any other district or division where

9  it might have been brought."  A motion to transfer lies within the broad discretion of the district

10  court, and must be determined on an individualized basis.  *See Jones v. GNC Franchising, Inc.*, 211

11  F.3d 495, 498 (9th Cir. 2000).

12  The determination whether to transfer an action proceeds in two-steps.  First, the court must

13  determine whether the action "might have been brought" in the potential transferee court.  *See*

14  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th

15  Cir. 1985).  If so, then the court makes an "individualized, case-by-case determination of

16  convenience and fairness," weighing: (1) the convenience of the parties; (2) the convenience of the

17  witnesses; and (3) the interest of justice.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th

18  Cir. 2000) (citation omitted).  In weighing these factors, the court may take into account:  "(1) the

19  location where the relevant agreements were negotiated and executed; (2) the state that is most

20  familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties'

21  contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

22  forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of

23  compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of

24  access to sources of proof."  *Jones*, 211 F.3d at 498-99.

25  <center>**ANALYSIS**</center>

26  **I.  Evidentiary Objections**

27  According to Local Rule 7-5(a), affidavits or declarations are required to establish any

28  factual contentions made in support of or in opposition to a motion.  N.D. Cal. Civil L. R. 7-5(a).

<center>2</center>

1   The declarations must be admissible evidence of the facts involved—i.e., non-hearsay statements by

2   a competent witness; conclusory declarations are not sufficient.  Civil L. R. 7–5(b).

3          Personal knowledge may be inferred from a declarant's position. *See Self-Realization*

4   *Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000)

5   (statements in declaration by corporate officer regarding the identity of employees and their tasks

6   constituted personal knowledge of facts); *Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999, 1018

7   (9th Cir.1990) (CEO's personal knowledge of various corporate activities could be presumed).

8          Pfizer objects to the Declaration of Daniel P. Iannitelli, which was filed in opposition to

9   Defendant's motion to transfer venue.  ("Def.'s Objections") [Docket No. 20].  Pfizer objects to

10  Iannitelli's statements in the third paragraph of his declaration regarding Plaintiff's financial

11  condition on grounds that they lack foundation, personal knowledge, and constitute inadmissable

12  hearsay.  (Def.'s Objections 2:1-3.)

13         Although Iannitelli states that he has personal knowledge of the matters in his declaration

14  (Iannitelli Decl. ¶ 2), he does not specify the basis of his knowledge regarding Plaintiff's income or

15  need for financial assistance (Iannitelli Decl. ¶ 3).

16         Some knowledge of Plaintiff's affairs may be inferred from Iannitelli's position as his

17  attorney, but the status of Plaintiff's finances, Plaintiff's social security benefits, and Plaintiff's

18  reliance on the financial assistance of others is not the type of knowledge that necessarily falls

19  within the realm of an attorney's duties.  In contrast to a corporate officer's personal knowledge of

20  corporate activities and employees' duties, an attorney would not generally have the personal

21  knowledge that Iannitelli claims regarding Plaintiff's financial affairs without either obtaining it

22  from his client or by reviewing pertinent documents.  If Iannitelli learned the information directly

23  from Plaintiff, the statements constitute inadmissable hearsay.  Fed. R. Evid. 802.  If Iannitelli

24  learned the information by reviewing pertinent documents, he should have directed the Court to

25  those documents by attaching them to his declaration.  N.D. Cal. Civil L. R. 7–5(a).

26         Therefore, Iannitelli's statements regarding Plaintiff's financial condition are stricken from

27  the record, as he lacks personal knowledge and fails to provide a foundation for their admission into

28  evidence.

Pfizer objects to another statement made in the third paragraph of Iannitelli's declaration, that Plaintiff's "mental and physical health, according to his physicians whom [Iannitelli] recently consulted with, are in poor states." Pfizer objects to this statement on grounds that it lacks foundation, lacks personal knowledge, and constitutes inadmissable hearsay. (Def.'s Objections 2:5-10.) The Court agrees with Pfizer that this statement constitutes inadmissable hearsay because Iannitelli offers the statements made by Plaintiff's physicians as evidence to prove the truth of the matter asserted, that Plaintiff is in poor health. Fed. R. Evid. 801(c), 802.

Pfizer also objects to paragraph 5 of the Iannitelli Declaration, which states "I have conducted research and have identified several operations centers and/or business offices of Pfizer, Inc. within the State of California," and then lists four locations in California. (Def.'s Objections 2:14-17.) Pfizer argues that this statement lacks foundation and relevance, and that its probative value is substantially outweighed by the likelihood of unfair prejudice and confusion of the issues. (Def.'s Objections 2:18-22.) Iannitelli's statement regarding the locations of Pfizer operations in California does not lack foundation or personal knowledge because his statement specifies that his personal knowledge is based on the research he conducted. The locations of Pfizer's operations in California are relevant to Pfizer's motion to transfer venue, because one of the factors considered in that analysis is the respective parties' contacts with the forum chosen by the plaintiff. It is unclear how this information would lead to any likelihood of unfair prejudice or confusion of the issues, as Pfizer contends.

Accordingly, Pfizer's objections to paragraph 3 of the Iannitelli Declaration are SUSTAINED, and Pfizer's objection to paragraph 5 of the Iannitelli Declaration is OVERRULED.

**II.  This Action Could Have Been Brought in the Southern District of New York.**

According to the Supreme Court, an action "could have been brought" in a proposed transferee district if that district would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper. *Hoffman*, 363 U.S. at 343-44.

Under 28 U.S.C. § 1332(a), the Southern District of New York ("Southern District") has diversity subject matter jurisdiction over a civil action where the amount in controversy exceeds

$75,000 and the action is between citizens of different states.  For the purposes of section 1332, a corporation is a citizen of any state where it has its principal place of business or where it is incorporated.  28 U.S.C. § 1332(c).  Because Plaintiff is a resident of California, Defendant is a corporation with its principle place of business in New York, and the amount in controversy exceeds $75,000, the Southern District has diversity subject matter jurisdiction over this lawsuit.  (Compl. ¶¶ 1-2; Buongiorno Decl. ¶ 4; Notice of Removal.)

Personal jurisdiction exists when a defendant is domiciled in the forum state or his activities there are "substantial" or "continuous and systematic." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)).  The Southern District has personal jurisdiction over Defendant, whose principal place of business is in New York City.

Venue in a diversity matter is proper when brought in a judicial district where any defendant resides, if all of the defendants reside in the same state.  28 U.S.C. § 1391(a)(1).  Because Defendant has its principal place of business in New York, New York, venue is proper in the Southern District.

### III.  Plaintiff's Choice of Forum

A plaintiff's choice of forum is afforded substantial weight in proceedings under section 1404(a).  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  However, a court must give consideration to the extent of the defendant's contacts with the chosen forum, and of the plaintiff's contacts, including the contacts relating to the plaintiff's cause of action.  *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). The plaintiff's chosen venue is accorded substantially less deference if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Defendant argues that Plaintiff's choice of forum should be given little weight because the operative facts have not occurred within the forum selected and the Northern District has no particular interest in the parties or subject matter.  (Mot. 6:4-24.)  Defendant argues Plaintiff's employment with Pfizer began in New York, is governed by New York law, and that the events at issue (the alleged discrimination) happened in New York.   Plaintiff argues that many of the acts on

1  which he bases his suit, including Defendant's cancellation of his disability benefits and the

2  termination of his employment, occurred during the 18-month period Plaintiff worked for Defendant

3  while living in California (Opp'n 1:26-2:1, 4:23-25).  However, as Defendant explains, all decisions

4  regarding Plaintiff's employment with Pfizer were made in the New York office by individuals who

5  live or work in the New York area.  (Buongiorno Decl. ¶ 9.)

6          California does have an interest in protecting its citizens, but in this case, all of the specific

7  events at issue happened outside of California.  As Pfizer points out, although some of the acts upon

8  which Plaintiff bases his claim occurred while he was residing in California, the acts complained of

9  did not themselves take place in California, but in New York.  (Reply 6:24-27.)  Indeed, Pfizer's

10  only contact with California concerning this action is Plaintiff's residency there.  Otherwise, the

11  balance of the forums' interests weigh in favor of transfer.

12  **IV.  Convenience Factors**

13          **A.  Convenience of Parties**

14          A transfer is not appropriate merely to shift the inconvenience from one party to another.

15  *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964).  Plaintiff is a resident of California, while Pfizer is

16  a Delaware corporation with its principal place of business in New York.  The burden associated

17  with traveling across the country in order to litigate is equal for both parties.  The Ninth Circuit has

18  noted more than once that "in this era of fax machines and discount air travel," it is not unreasonable

19  to require a party to litigate in a distant forum.  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316,

20  1323 (9th Cir. 1998); *see also Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir.

21  1993); *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).  Thus, this factor weighs against

22  transfer.

23          **B.  Convenience of Witnesses**

24          "To demonstrate inconvenience of witnesses, the moving party must identify relevant

25  witnesses, state their location and describe their testimony and its relevance."  *Williams v. Bowman*,

26  157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001).  Defendant identifies more than five witnesses, all of

27  whom reside in the New York area and will testify about Plaintiff's employment at Pfizer, their

28  decisions regarding his employment, his harassment and retaliation complaints, the evaluation of his

disability claims, and Pfizer's policies regarding accommodations requests. (Buongiorno Decl.) Plaintiff identifies five witnesses other than himself, who work or reside in San Francisco. (Iannitelli Decl. ¶ 4.) However, he fails to describe what the testimony of these witnesses will demonstrate, other than explaining that they are treating physicians and medical providers with relevant information to this matter. (Opp'n 2:19-23.)

In determining the convenience of the witnesses, a court should consider not only the number of witnesses located in the respective venues, but also the nature and quality of their testimony. *Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 222 (N.D. Ill. 1985). Although the number of witnesses located in each venue is equivalent, defendant's witnesses are more likely to offer relevant testimony because Plaintiff's claims relate to hardships he allegedly suffered during the course of his employment with Pfizer. The resolution of these claims is likely to turn on testimony by witnesses who either observed or were party to the alleged acts of discrimination, most of whom will be former or current Pfizer employees. Because Plaintiff does not specify the nature of the testimony that his witnesses will provide, the convenience of such witnesses is entitled to less weight.

Plaintiff argues the convenience of defendant's witnesses should be given less weight because they are all employees of defendant who can be compelled to testify in California. (Opp'n 2:24-27). The convenience of employee witnesses is not as important of a factor as the convenience of non-party witnesses. However, Plaintiff misstates Pfizer's evidence, which actually provides that three of the witnesses are no longer employed by Pfizer. Accordingly, the balance of the conveniences of the witnesses weighs in favor of transfer.

**C. Ease of Access to Evidence**

Defendant argues that nearly all of the documents relevant to this case are located in New York. (Mot. 7:16-8:1.) The documents in New York include Plaintiff's employment and personnel complaints and all records maintained by Pfizer regarding its business decisions relative to Plaintiff's employment in New York. (Buongiorno Decl. ¶ 15.) Plaintiff argues that since all of the evidence is within Pfizer's possession, the documents would be just as easily produced and authenticated in California as they would in New York. (Opp'n 3:4-14.)

Absent any other grounds for transfer, the fact that the records are located in a particular district is not itself sufficient to support a motion to transfer. *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988). However, where the location of the evidence is supported by other factors in favor of transfer, the ease of access to evidence can be an important factor in deciding whether to grant a motion to transfer. *See Decker Coal Co.*, 805 F.2d at 843. In this case, Plaintiff does not assert there is any documentary evidence in the Northern District, so there is no dispute that the majority of the evidence is located in New York. Moreover, mailing the evidence to the Court and Plaintiff for the purposes of discovery or trial would constitute an added expense and would increase the risk of evidence being lost or damaged. Thus, the location and ease of accessibility to the relevant evidence weighs in favor of transfer.

**IV.  Interests of Justice**

**A.  Forums' Familiarity with Applicable Law**

Plaintiff's claims are based on California law. (*See generally* Compl.) As such, plaintiff argues that the Southern District would have less familiarity with the laws governing the case. (Opp'n 5:13-22.) Defendant responds that, according to Plaintiff's employment agreement, the terms and conditions of his employment are governed by New York law. (Mot. 6:17-20; Buongiorno Decl. ¶ 6, Ex. B.) Defendant further argues that even if California law applies, federal courts in other districts are fully capable of applying California law. (Reply 7:7-18.)

It is appropriate and favored to try a diversity case in a forum that is comfortable with the state law that must govern the case. *Van Dusen*, 376 U.S. at 645. Although Defendant contends that New York law applies to disputes regarding Plaintiff's employment agreement, Plaintiff's complaint alleges violations of specific California statutes, of which the Northern District is likely to have greater familiarity than the Southern District. Thus, this factor weighs against transfer.

**B.  Local Interest in the Controversy**

Defendant argues that, aside from the fact that Plaintiff chose to relocate to California without Pfizer's permission, nothing connects this action to the Northern District. Defendant also argues New York has a much greater local interest in the controversy than California as all of the actions and decisions related to Plaintiff's claims occurred in New York. (Mot. 8:2-18.) Plaintiff

1   responds that California courts have an interest in resolving a dispute between a California resident

2   and a corporation operating in California, and contends many of the acts upon which Plaintiff's suit

3   is based occurred while he was living in California.  (Opp'n 5:1-3.)

4     Plaintiff's argument is unpersuasive.  Although he was living in California since September

5   of 2005, Plaintiff alleges the discrimination upon which his claims are based became unbearable by

6   November 2004, *before* he became a resident of California.  (Compl. ¶ 10.)  Additionally, while

7   Pfizer has operations in California, all of Plaintiff's claims involve Pfizer's office in New York, and

8   have no relation to any Pfizer operations in California.  All of Pfizer's decisions regarding Plaintiff's

9   employment took place in New York, and were made by residents of the New York area.  New York

10  is Pfizer's principle place of business and plaintiff's alleged discrimination occurred in Pfizer's New

11  York office.  Therefore, New York has a much greater interest the outcome of this case.

12  Accordingly, this factor weighs strongly in favor of transfer.

13    In sum, the balance of factors weighs in favor of transferring this case to the Southern

14  District of New York. *See Jones*, 211 F.3d 495, 498-99.

15  <div align="center">**CONCLUSION**</div>

16    For the foregoing reasons, Pfizer, Inc.'s Motion to Transfer Venue [Docket No. 5] is

17  GRANTED.  The Court TRANSFERS this action to the United States District Court for the

18  Southern District of New York pursuant to 28 U.S.C. § 1404(a).  The Clerk is directed to

19  TRANSFER the file to that district, and VACATE any hearings or other pretrial dates pending for

20  this matter in this Court.

21    IT IS SO ORDERED.

22

23  9/4/08

24            Saundra Brown Armstrong

           United States District Judge

25

26

27

28

<div align="center">9</div>